## RABEN v. THE CENTRAL IOWA R'Y CO.

1. **Railroads:** DUTY OF CONDUCTOR: ASSISTING PASSENGER TO ALIGHT. A railroad company is not required, through its conductor, to assist a female passenger, having two small children, to alight from the train at the station of her destination.

2. ———: DUTY OF CONDUCTOR: SEEING THAT PASSENGERS HAVE ALIGHTED. A conductor of a passenger train is required, after having, at a proper time, announced the station, to stop the train and hold it for such reasonable time as will permit the passengers to alight in safety; but he is not required to know that all the passengers destined for that station have alighted before starting the train again. (See authorities cited in opinion.)

*Appeal from Keokuk District Court*—HON. D. RYAN, Judge.

TUESDAY, DECEMBER 20.

ACTION by a husband to recover for personal injuries sustained by his wife through the negligence of plaintiff's employes, while she was getting off of a car in which she was a passenger. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*A. C. Daly* and *George D. Woodin*, for appellant.

*Sampson & Brown*, for appellee.

BECK, J.—I. This action is brought to recover by the

husband for injuries sustained by his wife, who had brought a suit in her own name to recover for the same injuries. A judgment in favor of the wife in her action was reversed by this court. (See 34 N. W. Rep., 621.) The petition of plaintiff in this case alleges that his wife was a passenger upon a car on defendant's railroad, having her own two small children with her. When she reached her place of destination, she proceeded to leave the car with her children, who were taken from the car, when the train began to move, through the negligence of defendant's employes, without allowing her sufficient time to get off, and, in attempting to do so, she was thrown down and injured. Plaintiff alleges, (referring to his wife getting off the car:) " The conductor did not help her, nor offer to do so, nor advise her that it was not safe to get off; wherefore he says that the said injury was caused by the negligence and want of care of the conductor," etc. The evidence tended to support the allegations of the plaintiff's petition.

II. The district court, in presenting the issues of the case to the jury, among other things, stated that the petition alleged that the conductor negligently failed to see whether plaintiff's wife had alighted from the car, and caused the train to start before she had time to do so safely, and that "defendant failed to assist her to alight," thereby causing the injuries. In the third instruction the court directs the jury that, to entitle plaintiff to recover, he must show by affirmative evidence, among other things, " that such injuries were caused directly by the negligence of defendant's employes, as substantially alleged." In the fourth instruction the court directed the jury that it was the conductor's duty " to place her, [plaintiff's wife,] or enable her to alight in safety, on the platform." In these instructions the court plainly directs the jury that it was the conductor's duty to assist plaintiff's wife to alight from the car. This court has held the law to be different, and that no such duty rests upon the conductor. (*Raben v. Cent.*

1. RAILROADS: duty of conductor : assisting passenger to alight.

*Iowa R'y Co.*, 34 N. W. Rep., 621.)* The instructions just referred to are therefore erroneous.

III. The seventh instruction directs the jury that, if the conductor "negligently failed to look and know that she [plaintiff's wife] had left the train in safety," and negligently started the train before she had done so, without her fault or negligence, plaintiff is entitled to recover. The instruction announces the rule that it was the conductor's duty to ascertain—"to look and know"—whether the plaintiff's wife had safely alighted. It imposes the duty upon the conductor not to start the train until he has made sufficient inspection of the car and passengers·to be certain—"to know"—whether the passengers have left the car, and are safely on the platform. We think the law imposes no such duty. The conductor is required, after having, at a proper time, announced the station, to stop the train and hold it such reasonable time as will permit passengers to alight in safety. He is not required to do what, in many cases, would be impossible to ascertain,—"to know' that all passengers intending to stop at the station have alighted in safety. (*Imhoff v. Chicago & M. R'y Co.*, 20 Wis., 344; *Ill. Cent. R'y Co. v. Slatton*, 54 Ill., 133; *Clotworthy v. Hannibal & St. Jo. R'y Co.*, 80 Mo., 220; Shear. & R. Neg., § 275; *Fairmount, etc., R'y Co. v. Stutler*, 54 Pa. St., 375.)

Other instructions than those just noticed we think unobjectionable. Other objections, or the rulings on which they are founded, may not be repeated in a new trial, and need not be considered.

For the errors pointed out the judgment of the district court is

REVERSED.

*(margin note: 2. ——: duty of conductor: seeing that passengers have alighted.)*

[* Opinion held back on petition for rehearing on another point, and therefore not yet officially reported.—REPORTER.]