SELBY *v.* DETROIT RAILWAY.

122    311
137    ⁵187
137    ⁵499

122    311
s141    113

122    311
f146    ¹387

122    311
f147    174

122    311
153    ⁵523

1. TRIAL—OVERRULED OBJECTION—FAILURE TO EXCEPT—WAIVER.
   An objection which is overruled is waived by failure to except
   to the ruling.

2. STREET RAILWAYS — MISJOINDER OF DEFENDANTS — OBJECTION
   AFTER VERDICT—NEW TRIAL.
   Where two street-railway companies appear and plead the
   general issue to a declaration for personal injuries wherein
   they are joined as defendants, and both take part in the trial,
   upon which evidence is introduced tending to establish their
   liability, it is too late after verdict for one of them to raise
   the question that its co-defendant, from whose car plaintiff
   was thrown, was alone connected with the injuries, and that
   it was improperly joined as a defendant, and should be
   allowed a new trial.

3. SAME—DUTY OF CONDUCTORS—ASSISTING PASSENGERS TO ALIGHT.
   An instruction, in an action against a street-railway company
   for personal injuries, that a carrier of passengers "must
   afford such care as is reasonably necessary to look after
   women and children in their alighting as well as their
   passage," is objectionable, as likely to be understood to
   mean that the conductor must assist women and children to
   alight.

4. TRIAL—CONDUCT OF COUNSEL—CONTRADICTING WITNESS.
   Counsel should not be allowed to contradict witnesses without
   themselves being sworn.

5. SAME—IMPROPER ARGUMENT—VERDICT.
   In an action for personal injuries, it was error to permit plain-
   tiff's counsel, in commenting upon the verdict to be rendered,
   to declare to the jury that the defendant, a corporation,
   always carried its cases to the Supreme Court.

Error to Wayne; Donovan, J.   Submitted October 27,
1899.   Decided December 12, 1899.

Case by Marion Selby against the Detroit Railway and
the Detroit Electric Railway for personal injuries.   From
a judgment for plaintiff, defendants bring error.   Re-
versed.

*Corliss, Andrus & Leete,* for appellants.

*James H. Pound,* for appellee.

MOORE, J. The plaintiff received injuries while alighting from a street car. She obtained a judgment against defendants, from which judgment the defendants have appealed. We shall decline to pass upon some of the assignments of error, for the reason that no exceptions were taken to the rulings of the circuit judge. Under such circumstances, the objection which was overruled must be deemed waived.

After the judgment was entered, a motion for a new trial was made, which motion was overruled. One of the grounds of the motion on the part of the Detroit Electric Railway was that the verdict against the Detroit Electric Railway is unsupported by the evidence in the case, in that the Detroit Electric Railway does not operate, and was not connected, directly or indirectly, with the operation of, the car from which the said plaintiff claims to have been thrown and to have received her injuries. An affidavit was filed in support of this motion. The declaration filed in the case was against both of the defendants. It set up the cause of action in detail. Both defendants appeared, and pleaded the general issue. There was no suggestion that the Detroit Electric Railway had been improperly made a party, either in the pleadings, or by motion, or by a request to charge. It was not until after a verdict had been obtained against both defendants that it was claimed by one of them that it sustained any different relation to the case than did the other defendant. The defendant the Detroit Electric Railway knew just as well before the verdict as after whether it had been improperly joined. There was some evidence tending to show liability on its part. It would be unreasonable to hold that it might remain silent in relation to a defense of which it had knowledge, until after the expenses of a trial were incurred, and a verdict by a jury rendered, and then avail itself of its defense. We cannot say that such a

showing was made before the circuit judge that he erred in refusing a new trial.

Among other things, the court charged the jury as follows:

"It is the duty of the common carrier of passengers for hire to safely carry the passengers, and it must afford such care as is reasonably necessary to look after women and children in their alighting as well as their passage; but I will say here, I will leave it to the jury whether they are to look after them except at the regular alighting places; I will leave that to the jury."

This is said to be error. The language used is not very happily chosen, and some things are left to the jury which it is the province of the judge to decide. It was the claim of the plaintiff that she had informed the conductor she wanted to alight at Park Place, but the conductor failed to stop until the car had got part of the way across Washington avenue, when it was brought to a full stop in response to the signal of the conductor to stop, and that just as the plaintiff was alighting, and about to step upon the pavement, the car was suddenly started, and she was injured. It was the claim of the defendant that a number of its cars were just ahead of the one in which plaintiff was riding, all of which proceeded slowly at this particular locality, and that the car was not stopped, but the plaintiff stepped off the car while it was in motion, and was hurt because of her own negligence. If the claim of the plaintiff was true, that she had been carried past the place where she desired to alight, and the car was stopped farther on by the conductor to enable her to alight, then it was negligence on the part of the company to start the car while she was in the act of stepping from the car to the pavement. The plaintiff was entitled to such an instruction. The language used did not convey that idea very clearly, but may have been understood by the jury as meaning that the conductor was not only bound to give women and children an opportunity to alight with safety, but must assist them in so doing.

The remaining question, necessary to be discussed, relates to the conduct of counsel in the examination of witnesses and the argument to the jury. The case seems to have been conducted with a good deal of bitterness upon both sides. In the cross-examination of witnesses, counsel upon both sides seem to have proceeded upon the theory that the witnesses called by the opposite party were untruthful. This gave rise to colloquies between counsel which ought to have been promptly suppressed by the trial court. Counsel upon both sides did not hesitate to contradict the witnesses without themselves being sworn. This ought not to have been done, and the court should not have allowed it.

When it came to the argument of the case, counsel upon both sides made statements to which opposing counsel took exceptions, while the trial judge remained silent, so far as the record discloses, during the argument. The statement made by the counsel for the plaintiff to which particular objection is made is as follows:

"I do not want you to go to the jury-room to cut down, on the ground there will be a settlement in this case; they will go to the Supreme Court; they always go there."

This was an ingenious invitation to the jury to include in their verdict, not only the damages to which the plaintiff was entitled under the well-established rules of law, but an amount sufficient to compensate her for he expense of following her .case to the Supreme Court. The record does not disclose what called out this statement. It was an improper one to make. It was not based upon anything in the record. Defeated litigants, whether corporations or individuals, have a right to take their cases to an appellate court without having it the subject of adverse criticism. If, when counsel challenged this argument, the judge had promptly instructed the jury that it was not a proper argument to make, the error might be overlooked; but, instead of doing so, the judge remained silent, thereby giving the jury the impression that

he approved of the statements of counsel. This court, in the recent case of *Britton* v. *Railroad Co.*, 118 Mich. 491, expressed its views in relation to what is not allowed in the argument of counsel. It is not necessary to repeat what is there said. The case comes within the reason of the rule as there stated.

Such of the other assignments of error as are properly here have not been overlooked, but we do not deem it necessary to discuss them, as they are not likely to arise again. For the errors indicated, the judgment is reversed, and a new trial ordered.

The other Justices concurred.