## QUIRK v. RAPID RAILWAY.

1. APPEAL AND ERROR—FORMER APPEAL—QUESTIONS SETTLED.
   The decision on a former review in the same case is res judicata as to all issues there decided.

2. SAME—QUESTIONS FIRST RAISED ON APPEAL.
   Whether the proximate cause of a pedestrian's injury by a

street car was the motorman's negligence in failing to discover him on the track, or the catching of the wheel of plaintiff's cart in the track, cannot be first raised on a second writ of error.

3. STREET RAILROADS—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

Instructions in an action against a street-railway company for injury to a boy on the track examined and *held* to properly submit the issue of contributory negligence where plaintiff was injured because his cart, to which he was tied, caught in the track.

4. TRIAL — ARGUMENT OF COUNSEL — SIZE OF VERDICT — CURING ERROR.

Argument against the jury's endeavoring to foreclose an appeal by giving a small verdict *held* rendered innocuous by the prompt action of the court.

Error to Wayne; Hosmer, J. Submitted June 14, 1904. (Docket No. 15.) Decided September 13, 1904.

Case by John Quirk, by next friend, against the Rapid Railway, for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Brennan, Donnelly. & Van De Mark* and *Henry L. Lyster*, for appellant.

*S. E. Engle*, for appellee.

MOORE, C. J. This case has been in this court before. It is reported in 130 Mich. 654 (90 N. W. 673). A reference to the opinion then handed down will make it unnecessary to make so long a statement of the questions involved as might otherwise be required.

After the case was reversed, a new trial was had. The testimony upon the part of the plaintiff was substantially the same as on the former trial. More witnesses were sworn on the part of the defendant than at the former trial. The jury also viewed the premises where the accident occurred. A verdict and judgment were obtained

by the plaintiff. The case is brought here by writ of error.

It is the claim of counsel:

(1) The record discloses no evidence of negligence on the part of the defendant which justified the case being submitted to the jury.

(2) Plaintiff was guilty of contributory negligence as a matter of law, and the evidence conclusively shows that defendant was not guilty of any gross, willful, or subsequent negligence.

(3) Review of the cases cited in the majority opinion in *Quirk* v. *Railway*, 130 Mich. 654 (90 N. W. 673).

(4) The catching of the wheel of plaintiff's cart in the rail was the proximate cause of his injury, and the negligence of the defendant, if there was any, was only the remote cause.

(5) The trial court took from the jury the question of plaintiff's contributory negligence after entering upon the track.

(6) The improper remarks of plaintiff's counsel in his opening and argument before the jury prejudiced the jury against defendant.

We will endeavor to dispose of these assignments of error in the order in which they were presented.

As to groups 1 and 2 the same questions now in the record were in it when it was here before. The opinion written by Justice MONTGOMERY deals with them, and must be regarded as res adjudicata as to them.

Under head 3 counsel review the majority opinion of the court, and the cases cited in support thereof, and undertake to show the court reached a wrong conclusion. We think the opinion in that respect must be regarded as res adjudicata.

4. Was the catching of the wheel of the cart in the rail the proximate cause of the injury, and the negligence of the defendant, if any, the remote cause? The case has been tried in this court once, and in the circuit court twice. Upon the last trial counsel preferred several requests to charge, but in none of them, nor in any other place in the record, is the view now presented by counsel made to

appear. It is presented now for the first time, and for that reason should not be considered by us.

5. Did the trial court take from the jury the question of plaintiff's contributory negligence after entering upon the track? Counsel's third request reads as follows:

"The evidence shows that the plaintiff did not look in the direction from which the train was coming immediately before entering upon the track, as it was his duty to do, and therefore in entering and going along the track without looking in the rear and listening for an approaching car he was guilty of negligence, and, the plaintiff being guilty of negligence in the way in which he entered upon the track and proceeded along the track, according to his own testimony, he cannot recover unless he convinces you by a preponderance of the evidence that the motorman in charge of the construction train did not use reasonable efforts to stop his train after he, the motorman, observed or could have observed that plaintiff was not going to get off the track; and if, when plaintiff entered upon the track, the motorman sounded his gong on the car, reversed his current, and applied his brakes for the purpose of stopping the car so as to avoid running over the plaintiff, then your verdict must be for the defendant; and in deciding this question you must take into consideration the fact that the plaintiff did hear the approach of the car, and got off the track himself, and was injured only because of the fact that he was tied by a rope to a little cart which became caught in the rails of the track."

The judge charged the jury as follows:

"I am asked to charge you that the evidence shows plaintiff did not look in the direction from which the construction train was coming immediately before entering upon the track, as it was his duty to do. Is that the testimony?

"*Mr. Engle:* No, it is not, your honor.

"*Mr. Brennan:* No, he did not at the time—at the time he entered he did not look or listen. He says both.

"*The Court:* The difference between the time at which they looked and the time of the entry, gentlemen of the jury, may be so inconsequential as practically to amount to looking at the very moment of entering upon the track.

"*Mr. Brennan:* He might have seen it, he said, if he had looked.

'*The Court:* All I may say to you in that regard, if you find from the testimony that he might have seen the train when entering upon the track, and if you find that the train was at that distance when a prudent person would not have occupied the track as he did, then, and under those circumstances, he would be guilty of contributory negligence, and therefore, under those circumstances, in entering and going on the track he would be guilty of negligence, and, the plaintiff being guilty of negligence in the way he entered the track and proceeded along the track, he could not recover, unless he convinces you by a preponderance of evidence that the motorman in charge of the construction train did not use reasonable efforts to stop his train after he (the motorman) observed, or could have observed, the plaintiff was not going to get off the track; and if, when plaintiff entered upon the track, the motorman sounded the gong on his car, and reversed his current, and applied the brake for the purpose of stopping the car, so as to avoid running over the plaintiff, then, and under those circumstances, your verdict must be for the defendant. And in deciding this you should take into consideration the fact plaintiff did hear the approach of the car, and got off the track himself, and was injured only because of the fact that he was tied by a rope to a little cart, which became caught in the rails of the track. Well, I think, gentlemen of the jury, that that is perhaps nothing more or less than an application of what I have already said in a more general way, and I therefore give it to you. And I charge you, as requested by the defendant, as a matter of law, if plaintiff in this case was capable of understanding when he was in a position of danger, and if you find it was negligence for any one to enter upon the track in the manner in which he entered this track, and to travel along the track without taking the precautions to look around to see whether a car was coming, then you must hold this plaintiff to have been guilty of such negligence as contributed to his injury, which would preclude his recovery. I think there can be no question, gentlemen of the jury, about that. You must deal with the plaintiff here, although he was fourteen—or, I think, fifteen—at the time, as with an ordinary person."

We do not think it can be said the question was taken from the jury, but, on the contrary, it was fully and fairly submitted to them.

6. Should the case be reversed because of the improper remarks of counsel? The record discloses the following: Mr. Engle, in his argument to the jury, said:

"Do not make this mistake. Jurors sometimes make this mistake. I beg you not to do that, and I know you won't after we call your attention to it. Jurors sometimes say, 'Here now, they will fight this case. If we give a small one, maybe they will pay it—if we give a small verdict.' Instead of paying it, up she goes again to the Supreme Court, and you have got to follow them, and, if we succeed there, what do we get? Just what you allowed us on the anticipation that they would pay it—half of what we ought to have had—in order to avoid the expense. Now, we have had the expense, and now we have succeeded, and now we have not got what we ought to have. The safest way is, do your duty as jurymen, as I know you will, when it is brought to your attention here —do your duty as jurymen, and give what you think is a fair verdict. Let the rest of it go. Leave it to the management of the boy's attorneys, friends, and the court. If you think he ought to have $20,000, give it to him; and if they want to take it up—as they probably will—if they can see any error at all, they will take it up; but if we win we have got something. If you think $15,000, give it to him. Don't cut down on your verdict on anything of that kind, because that is beyond your power; and leave that to those under whose management that jurisdiction comes. So far as your duty goes, it is to reach a verdict. That is all, gentlemen.

" *Mr. Brennan:* I wish to except to that part of the argument of Mr. Engle where he said that juries sometimes give a small verdict because they think the company will pay it, and saying that they should give a big verdict because the company will take it up no matter what the verdict is. I take an exception.

" *The Court:* You should have called it to the court's attention at the time, when it might have been corrected. Very well. Note an exception."

. This portion of the argument was made during the temporary absence of the trial judge from the court-room. When he came to charge the jury, he instructed them as follows:

"There is one thing I wish to correct, so far it is sus-

ceptible of correction at the present time.   I think yester-
day, in his argument to you, Mr. Engle made certain state-
ments with reference to a verdict—what you ought to
do.   Much of what Mr. Engle said was unquestionably
proper.   In reaching your verdict, of course, sympathy,
as Mr. Brennan says, should not be allowed any consider-
ation in your minds.   So, too, gentlemen of the jury, if
the plaintiff is entitled to recover, he is entitled to recover
such sum as will compensate him for his injury, irrespec-
tive of any other consideration; but what they would
probably do—whether the company will probably appeal
to the Supreme Court, or whether they will not appeal it
to the Supreme Court, and considerations of that character,
which were alluded to by Mr. Engle—is a matter not for
your consideration.

"*Mr. Engle:* That is just exactly what I said, your
honor—that they should not consider that.

"*The Court:* Gentlemen of the jury, you are not to
consider what the company will do about this matter.   I
am not to consider what the company will do with this
matter.   It is your duty and my duty to apply the law to
the given facts in the case, and let the parties manage
their own matters as best they may."

We have had repeated occasion to condemn like argu-
ments to this.   See *Selby* v. *Railway*, 122 Mich. 311 (81
N. W. 106); *Britton* v. *Railroad Co.*, 118 Mich. 491 (76
N. W. 1043); *Oliver* v. *Jessup's Estate*, post, 642 (100
N. W. 900).

The trial court, however, did not allow the improper ar-
gument to go unchallenged, but instructed the jury as to
what their duty was.   We think the jury heeded the in-
struction of the judge.   We are led to that conclusion
from the fact that Mr. Engle's argument was addressed to
the question of damages—the amount of the verdict.   No
motion for a new trial on account of excessive damages
was made, and it is not suggested in the briefs that, if
the plaintiff was entitled to recover at all, the damages
given were too large.   The trial judge carefully guided
the trial along the lines indicated in the opinion when the
case was here before, and we do not find any reversible
error.

Judgment is affirmed.

MONTGOMERY and HOOKER, JJ., concurred. CARPENTER, J., concurred in the result.

GRANT, J. I regard the questions concluded by the former decision.