RIKERD LUMBER CO. *v.* HOERTZ.

1. SAVING QUESTIONS FOR REVIEW—NECESSITY OF EXCEPTIONS.
   Rulings of the trial court to which no exceptions were taken cannot be reviewed on error.

2. SALES—BUILDING MATERIALS—ACTION FOR PRICE—EVIDENCE—MATERIALITY.
   In an action for the price of materials furnished on an oral contract to manufacture and furnish the inside finish for a building, testimony by plaintiff's superintendent as to what he figured in figuring the work for plaintiff is immaterial, he having had no conversation with defendant with reference to the contract, and knowing nothing about the contract except what plaintiff's president told him.

3. COMPROMISE AND SETTLEMENT — INEFFECTUAL CONCESSIONS —
EFFECT.
  Concessions made in an ineffectual effort to reach a settlement
    are not binding.

Error to Ingham; Wiest, J.   Submitted October 12,
1906.   (Docket No. 72.)   Decided November 13, 1906.

Assumpsit by the Rikerd Lumber Company against
Charles Hoertz and William C. Hoertz, copartners as
Charles Hoertz & Son, for goods sold and delivered.
There was judgment for defendants, and plaintiff brings
error.   Affirmed.

Defendants, contractors, contracted to erect a building
for the Michigan Agricultural College.   They made an
oral contract with the plaintiff to furnish the frames,
sash, doors, and inside finish for $1,000.   It furnished
the material and defendants paid it all they conceded to
be due.   Defendants also purchased other material out-
side of the contract.   Plaintiff brought suit, claiming
$151.68.   From this it was conceded should be deducted
$31.84, leaving in dispute $119.84.   The main controversy
arises over certain items claimed by plaintiff to be extras,
and by the defendants to have been included in the con-
tract.   The case was submitted to the jury, who rendered
a verdict for the defendants.

*Frank L. Dodge*, for appellant.

*Lombard & Hext*, for appellees.

GRANT, J. (*after stating the facts*).   1. Seven errors
are assigned upon the rulings of the court during the trial.
To six of these rulings no exceptions were taken.   They
therefore cannot be considered.   *Selby* v. *Railway*, 122
Mich. 311.   The ruling to which exception was taken
related to the testimony of plaintiff's superintendent, who
testified that he knew something about the plans of the
building, and that he figured the work for the plaintiff.

The question was then asked: " Now, will you tell the jury what was figured in that work ?" The question was objected to as immaterial, the question being not what he figured, but " what the contract called for." The witness had had no conversations with the defendants, and knew nothing about the contract, except what the plaintiff's president told him. The testimony was properly excluded.

2. Errors are assigned upon portions of the charge. The instructions completely covered the claims of both parties. The court fully and fairly stated the theory of each, and then instructed the jury that if the contract did not include the items in dispute, the plaintiff was entitled to recover $119.84; but that if they were included in the contract, it could not recover. There was no error in the charge read in its entirety.

3. After suit was commenced, negotiations were entered into for a settlement. Upon the theory that a compromise was agreed upon by which the defendants were to pay plaintiff $84 in settlement, they inclosed their check for that amount to the plaintiff. The plaintiff at once returned the check, denying that such a compromise was made. The court instructed the jury:

"If you find from the evidence that these parties in an effort to adjust their matters met together, and went over their claims and agreed upon the terms of their contract, and what was included within the contract, then the agreement would be binding upon them, but if they met for the purpose of an adjustment and made concession, not because they admitted the contract required the concessions, but in order to reach a settlement of their matters, and a settlement was not consummated, then concessions made under those circumstances would not be binding upon eitheir party to the case."

The instructions were correct. It was evident that the jury determined that no compromise was made.

The judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.