BENNETT v. DENTON.

1. BROKERS—COMMISSIONS—FRAUDS, STATUTE OF—NEW TRIAL.
In a suit for broker's commission under an oral contract for the sale of a farm, valid if made before Act No. 238, Pub. Acts 1913 (3 Comp. Laws 1915, § 11981), which made such contracts void unless in writing, took effect, where plaintiff made a case which entitled him to recover, the statute not having been interposed on the trial, a verdict in his favor was properly directed, and it was too late to raise it on motion for new trial.[1]

2. APPEAL AND ERROR—FRAUDS, STATUTE OF—DEFENSES.
The defense of the statute of frauds cannot be first raised in this court.

3. TRIAL—ADJOURNMENT—PARTIES, ABSENCE OF—DISCRETION.
Where both defendant and his counsel knew that the case was coming on, and counsel entered on the trial without objection, knowing that their client was absent from the city, it was not an abuse of the discretion of the trial court to refuse an adjournment to the following morning, in the absence of positive assurance from counsel that defendant would arrive at a definite time.

4. APPEAL AND ERROR—NEW TRIAL—REVIEW.
Assignments of error based upon refusal to grant a new trial cannot be considered where the reasons for the court's refusal do not appear in the record, and it does not appear that a timely request was made therefor.

Error to Chippewa; Fead, J. Submitted October 18, 1916. (Docket No. 32.) Decided March 29, 1917.

Assumpsit by James T. Bennett against William L. Denton for broker's commissions. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

---

[1]As to the necessity that agent's authority to purchase or sell real property be in writing to enable him to recover compensation for his services, see note in 9 L. R. A. (N. S.) 933.

On the necessity of securing written contract from purchaser to entitle real estate broker to commission, see notes in 44 L. R. A. 605; 46 L. R. A. (N. S.) 129.

*Davidson & Hudson,* for appellant.

*M. M. Larmouth,* for appellee.

BIRD, J. The defendant listed his farm for sale in plaintiff's real estate agency at Sault Ste. Marie in the summer of 1913. Subsequently plaintiff found him a buyer who purchased the farm. It was the claim of plaintiff that he was entitled to an agreed commission thereon of $600. The case was called in the circuit court, and the trial proceeded upon the expectation by defendant's counsel that defendant, who was absent from the city, would return in season to testify in his own behalf. He failed to return before the testimony was concluded, and the trial court directed a verdict for the plaintiff for the amount of his claim. Exception was taken by defendant to the direction of a verdict, and the question is now raised that:

"The court erred in directing a verdict for plaintiff, as there was no evidence before the court as a basis for the judgment. The alleged verbal contract was void under the statute of frauds."

1. The particular section of the statute of frauds referred to is Act No. 238, Pub. Acts 1913 (3 Comp. Laws 1915, § 11981), which made contracts for commissions for the sale of real estate void unless in writing. That law took effect August 14, 1913. Plaintiff's testimony does not make it clear whether his agreement with defendant was made before or after that date. His precise language was:

"In the summer of 1913, I think, I talked with Mr. Denton relative to the sale of his farm at Pickford, and he listed it with me to sell."

It appeared that the contract was an oral one. This being so if it were made prior to August 14th, it would be valid. If it were made after that date, it would be void because not in writing. This testimony came in without objection. Counsel objected and excepted to

the action of the trial court in directing a verdict, but they did not base their objection upon the statute. In fact, no reference appears to have been made to the statute until they filed their motion for a new trial. Had objection been made to the testimony when it was offered, or the court's attention called to it when a verdict was about to be directed, the testimony would probably have been made certain as to whether the oral agreement was made before or after the. law took effect. But for this provision of the statute the plaintiff made a case which entitled him to recover. The statute not having been interposed on the trial, it was too late to raise it on a motion for a new trial. See *Selby* v. *Railway*, 122 Mich. 311 (81 N. W. 106); *Lincoln* v. *Felt*, 132 Mich. 49 (92 N. W. 780).

Neither can the defense of the statute of frauds be first raised in this court. *Beld* v. *Darst*, 146 Mich. 143 (109 N. W. 275); 2 Standard Enc. Prac. 241-242.

2. Error is assigned on the refusal of the court to take a recess and await the arrival of the defendant. It appears that the case was concluded, save defendant's testimony, before the noon recess on Friday. At the opening of the afternoon session counsel requested the court to hold the matter open until evening or Saturday morning, at the same time stating he expected his client would arrive with a carload of horses on a train which usually arrived at 4 o'clock in the afternoon, but on that particular day was two hours late. Upon being questioned by the court as to the certainty of defendant's arrival, at that time, counsel could give no assurance that the defendant was with the car of horses, or that he would arrive at any particular time, whereupon their request was denied. Both client and counsel knew that the case was coming on. The absent party was not a witness, but one of the parties, and counsel entered on the trial of the case without objection, knowing that their client was absent from the

city. The situation was one which called for the exercise of the discretion of the trial court, and we are not persuaded that the discretion was abused.

The assignments of error based upon the refusal to grant a new trial cannot be considered, because the reasons for the court's refusal do not appear in the record. Neither does it appear that a timely request was made therefor. *Toban* v. *Modern Woodmen,* 126 Mich. 161 (85 N. W. 472) ; *Gillett* v. *Burns,* 131 Mich. 616 (92 N. W. 104) ; *Wilbur* v. *Railroad Co.,* 145 Mich. 344 (108 N. W. 713) ; *Bass* v. *Railway Co.,* 142 Mich. 177 (105 N. W. 151, 2 L. R. A. [N. S.] 875, 7 Am. & Eng. Ann. Cas. 718).

As no reversible error appears of record, the judgment must be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.