## DICKINSON et al. v. TUCKER.

No. 8613—Opinion Filed Dec. 10, 1918.

(176 Pac. 949.)

**1. Negligence — Allegations of Negligence—Proof—Recovery.**

Where the plaintiff alleges several independent acts of negligence not connected with each other as grounds for recovery, if the proof is sufficient to establish any of such acts of negligence, the plaintiff may recover.

**2. Carriers—Alighting from Train—Assistance to Passenger.**

It is not the general duty of a carrier to assist a passenger to alight from a train, unless special circumstances impose such duty. In the case of a sick, old, or infirm passenger, it is the duty of the company to furnish such assistance, and in cases, where, by the use of ordinary care, the conductor or other employes see that such assistance is needed, it becomes the duty of the company to render such assistance.

**3. Same — Infirm Passenger — Question for Jury—Evidence.**

Whether or not a person comes within such excepted class so as to impose a duty on the part of the carrier is a question for the jury, the standard of duty being not fixed but variable and shifting with the circumstances of the case: but, where there is no evidence tending to show that the plaintiff falls within the exceptions to the general rule, it is reversible error for the court to submit to the jury the question of negligence of the carrier in failing to render such assistance.

(Syllabus by Rummons, C.)

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Cora Tucker against J. M. Dickinson and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded for new trial.

R. J. Roberts, C. O. Blake, W. H. Moore, and J. E. Du Mars, for plaintiffs in error.

Bridges & Vertrees and R. M. Campbell, for defendant in error.

Opinion by RUMMONS, C. The parties will be referred to herein as they appeared in the court below. This action was commenced to recover damages from the defendants for injuries sustained by the plaintiff in alighting from a railway train of the defendant. The petition alleges that plaintiff was a pas-

senger upon a railway train of defendants from Sugden to Waurika; that upon arrival at Waurika the plaintiff attempted to alight from the train of defendants, and in so doing she fell and suffered injuries for which recovery is sought; that her fall was occasioned by the negligence of the defendant's servants and employes in failing to assist her to alight from the train in accordance with the custom of the agents and employes of defendant; that plaintiff at the time of the accident was 33 years old and weighed about 230 pounds; that she was accompanied upon the train by her son six years old, and she had in her hands while alighting from said train a large grip; that the agents and employes of the defendant saw the plaintiff and her condition when she was alighting from the train. but failed and neglected to furnish her any assistance in alighting therefrom. The petition further alleges that the agents and employes of defendant negligently placed the stool, used by passengers in entering and leaving the train. upon the platform of the station at Waurika in such a position that plaintiff, when she stepped from the bottom step of the car, was unable to reach the stool with her foot. and because of such negligence the plaintiff fell and suffered the injuries of which she complains. The answer consists of a general denial and a plea of contributory negligence. Plaintiff had judgment in the sum of $900, to reverse which the defendants prosecute this proceeding in error.

Defendants complain of the refusal of the court to instruct a verdict for the defendants and of the giving of certain instructions which will be considered in their order.

The petition of plaintiff alleges two acts of negligence upon the part of the defendants: First, the failure of the servants and employes of defendant to assist plaintiff to alight from the train in safety; second, the negligence of the defendants' servants and employes in so placing the box used to assist passengers in stepping from the platform of the train to the platform of the station in such a position that plaintiff could not reach it when she stepped from the train to the platform of the station. The two acts of negligence charged are not so connected with each other that it was incumbent upon the plaintiff, in order to recover, to prove both. Where the plaintiff alleges several independent acts of negligence as grounds for recovery, if the proof is sufficient to establish any of such acts of negligence the plaintiff may recover. In the instant case the evidence of the plaintiff tends to prove the second act of negligence of which plaintiff complains. We therefore conclude that the trial court did not err in refusing to instruct a verdict for the defendant.

The evidence shows that the plaintiff, while a large woman, was before the accident stout and active and able to assist herself; that the grip that she had in her hand when alighting from the train contained only the wearing apparel of herself and son used on the visit she was making. The court, over the objection of defendant, gave the following instruction:

"You are instructed, gentlemen of the jury, that the law does not require, nor was any duty imposed upon, the defendant to aid and assist plaintiff in alighting from its train, on the occasion alleged by the plaintiff, unless you should find from a preponderance of the evidence in the case, and the circumstances surrounding this plaintiff, at the time she was alighting from said train, that assistance was necessary to enable her to alight safely, and that an agent or employe of defendant was present, and saw that such aid and assistance was necessary, and if you find from the evidence that the facts and circumstances were such that plaintiff required aid and assistance to alight in safety from said train, and an agent or employe of said defendant was present and saw that aid and assistance for the plaintiff was necessary to enable her to alight from said train in safety, and such aid and assistance was not furnished by said agent or employe, and as a result thereof plaintiff fell and was injured, then your verdict should be for the plaintiff."

This court has frequently had occasion to pass upon the duty of carriers to passengers entering or departing from trains. In St. L. & S. F. Ry. Co. v. Lee, 37 Okla. 545, 132 Pac. 1072, 46 L. R. A. (N. S.) 357, it is said:

"It is not the general duty of a carrier to assist a passenger to alight from a train, unless some special circumstance imposes such duty. But in the case of a sick, old, or infirm passenger, or one making request for assistance, it undoubtedly is the duty of the company to assist them, and in case where, by the use of ordinary care, the conductor, or other employe, sees that such help is needed, it becomes the duty of the company to furnish such assistance."

In St. Louis & S. F. R. Co. v. Fick, 47 Okla. 530, 149 Pac. 1126, Mr. Chief Justice Kane, who delivered the opinion of the court, says:

"Generally, the contract of a carrier is that it will carry the passenger safely and in a proper carriage, and afford him safe and convenient means for entering cars and alighting therefrom; but it does not contract to render him personal service or attention beyond that. New Orleans, etc., R. Co. v. Statham, 42 Miss. 607, 97 Am. Dec. 478; Yarnell v. Railroad Co., 113 Mo. 570, 21 S.

W. 1, 18 L. R. A. 599; St. L., I. M. & S. R. Co. v. Green, 85 Ark. 117, 107 S. W. 168, 14 L. R. A. (N. S.) 1148; Raben v. Railroad Co., 73 Iowa, 579, 35 N. W. 645 5 Am. St. Rep. 708; Selby v. Detroit Ry. Co., 122 Mich. 311, 81 N. W. 106.

"If there are exceptions to the foregoing general rule, none has been called to our attention which particularly applies to persons of the size and build of plaintiff. The recognized exceptions to the general rule are passengers who, by reason of illness, great age, or other infirmity, are unable to help themselves. We do not understand that the plaintiff belonged to any of these classes."

In St. Louis & S. F. R. Co. v. Dobyns, 57 Okla. 643, 157 Pac. 735, it is said:

"The contract of the carrier with a passenger on its trains is that the carrier will transport the passenger safely and in the proper vehicle, * * * but it does not ordinarily contract to render him personal service or attention beyond that.

"The recognized exceptions to the general rule are passengers who by reason of illness, great age, or other infirmities, are unable to help themselves.

"Whether or not a person comes within such excepted class so as to create a duty upon the part of the carrier is ordinarily a question for the jury, the standard of duty being not fixed, but variable and shifting with the circumstances of the case. Interstate Compress Co. v. Arthur, 53 Okla. 212, 155 Pac. 861, followed.

"Where such question is submitted to the jury, and a verdict found against the carrier, and there is no evidence reasonably tending to support the verdict, the same will be set aside."

The instruction complained of is therefore open to the objection that it is not supported by any evidence. The evidence shows that before the accident the plaintiff was strong and active, was able to and did perform her household duties, and could ascend and descend steps, and could get into a buggy or carriage without difficulty and without assistance. There was nothing therefore in the condition of the plaintiff or in her appearance to bring her within the exceptions to the rule laid down above and to impose a duty upon the servants of the defendant to assist her in alighting from the train. The giving of the instruction therefore, it being hypothetical and not based upon any evidence in the case, contitutes reversible error. St. Louis & S. F. Ry. Co. v. Dobyns, supra.

For the error indicated, the judgment of the trial court should be reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.