## ST. LOUIS, S. F. RY. CO. v. DAVIS.
### No. 34975.

Supreme Court of Oklahoma.
Jan. 10, 1953.

Rehearing Denied April 21, 1953.
Application for Leave to File Second Petition for Rehearing Denied
July 7, 1953.

E. G. Nahler, St. Louis, Mo. and, Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

Harland A. Carter, Okmulgee, for defendant in error.

CORN, Justice.

Plaintiff brought suit to recover damages for personal injuries alleged to have resulted from defendant's negligence while plaintiff was a passenger upon one of de-

fendant's railway coaches. The petition alleged her arrival in the city of Tulsa as a paying passenger aboard defendant's train; while leaving the car plaintiff observed her two traveling bags still in the baggage rack and attempted to remove her luggage from the coach. In attempting to pass from the car aisle into the vestibule she tripped upon the door stop and was thrown into the vestibule, sustaining severe and permanent injuries. These injuries allegedly resulted solely from the failure of defendant, and its employees to offer her the customary protection and assistance which should have been afforded her in alighting from the train, in that having to remove her own luggage she was unable to see, and as a result struck her foot upon some object upon the floor which caused her to fall.

Defendant answered by general denial, the allegation that any injury resulted from plaintiff's own negligence, and the further plea of contributory negligence.

In his opening statement at the trial plaintiff's attorney remarked concerning the negligent construction of the threshold of defendant's coach. Defendant objected strenuously to such statement for the reason the only negligence originally set out in the petition was the failure of defendant's employees to assist plaintiff in alighting from the train upon arrival at her destination. Such objections were overruled. Further attention will be directed toward this feature of the case.

The evidence disclosed that upon arrival most of the passengers alighted ahead of plaintiff, and had their baggage removed by the porter on duty. When plaintiff passed the baggage rack on her way down the aisle she observed her two bags, took them from the luggage rack and proceeded down the aisle with one in each hand, rather than calling upon the porter for assistance. Starting through the door her heel caught upon the threshold and she fell forward into the vestibule. She regained her feet and got down the steps with difficulty, and was assisted across the tracks and to a taxi. Thereafter plaintiff rode a bus to her home in Okmulgee and was then placed in the hospital for treatment. The nature and extent of her injuries is not in controversy herein. Plaintiff testified that she did not see any object in the aisle before she fell, but her vision was obscured.

One witness for plaintiff was following her down the aisle preparatory to alighting, and observed the threshold or door stop, which appeared to be a piece of metal the length and width of the door, fastened to the floor by screws, and with the edges slightly worn down in the middle. From slight observation the threshold looked perfectly normal. This witness assisted plaintiff after she reached the platform but did not observe defendant's employees offer any assistance. There was cumulative evidence concerning plaintiff's condition and actions just after the accident.

At the close of plaintiff's evidence defendant demurred thereto, and plaintiff's attorney sought and was granted leave to reopen the case. The attorney then testified that in company with defendant's claim agent, he had examined the car in which plaintiff was a passenger when hurt, but had nothing with which to measure the height of the threshold, the middle of which was worn smooth and slightly indented from being stepped upon. The witness placed a package of cigarettes flat upon the floor and flush against the threshold and found that by placing his finger upon the package it was at the exact height of the worn threshold.

On cross-examination defendant showed such examination and measurement occurred about eleven months after plaintiff's accident. Defendant's objection to such evidence on the grounds of lack of proof showing the condition of the car to be the same as at the time of the accident was overruled. Defendant then moved to strike such evidence as not being within the issues, since the petition relied solely upon defendant's failure to assist plaintiff. This motion was overruled and defendant renewed its demurrer to plaintiff's evidence which also was overruled.

Defendant's porter testified he was at the bottom of the steps helping passengers alight, and upon hearing some noise looked up and saw plaintiff had fallen. After oth-

er passengers had alighted he got on the steps, took her luggage and assisted her down the steps, inquiring at the time if she was injured and was advised in the negative. This testimony was denied by plaintiff upon rebuttal. Witness did not unload plaintiff's bags as he thought they belonged to someone going to another destination, and was never requested to remove them. Inspection of the vestibule disclosed everything to be in good order, and witness did not report the accident because plaintiff had advised him she was unhurt. Defendant introduced other testimony to show there was nothing defective about the vestibule.

Submission of the issues to the jury, under instructions from the trial court resulted in a verdict for plaintiff ($2,998) upon which the judgment appealed from was rendered. The assignments of error are argued under three propositions, the first of which is that the verdict is not supported by sufficient evidence, and the trial court erred in overruling defendant's demurrer to the evidence and motion for directed verdict.

At this point it becomes necessary to direct attention to defendant's complaints regarding the petition, considered in connection with the claim of insufficient evidence. As originally filed the petition alleged defendant to have been guilty of negligence in failing to assist plaintiff as required to protect her in leaving the car. Thereafter, by interlineation in ink the following language was added:

"Which plaintiff verily believes was a steel door stop projecting upward about one inch from the floor."

■ Defendant urges that no order was entered permitting such amendment, but that such language was inserted in the petition after the case had been tried, and that plaintiff's case properly was tried solely upon the theory defendant was negligent in failing to assist plaintiff. Upon this basis defendant urges that the rule announced in St. Louis & S. F. R. Co. v. Dobyns, 57 Okl. 643, 157 P. 735, is controlling, and measured by such rule the evidence is insufficient to support the verdict.

■ This argument is without merit. Upon hearing of defendant's motion to correct the case made (Oct. 11, 1950), the trial court specifically found that, prior to overruling defendant's demurrer to the petition, the amendment by interlineation was made by plaintiff's attorney at the trial court's suggestion; that the amendment was part of the original petition at the time of the trial; that defendant's motion to amend the case made supported by affidavits, was not well taken. Because of the trial court's findings and order it is unnecessary to consider such matters further.

■ The defendant was charged with negligence in construction of the threshold of its railway car. Although there was evidence the threshold was in the usual and customary condition and without defects, there likewise was evidence that plaintiff stumbled over the threshold, fell and received severe injuries. The question as to whether the type of construction used by defendant in its railway care was or was not negligence cannot be considered as a matter of law. Such question is one of fact for the jury. This defendant was bound at all times to protect plaintiff by the exercise of the highest degree of care. Whether the construction used accomplished this end, or whether defendant could have foreseen the likelihood of injury to some passenger by the exercise of ordinary care were matters determined by the jury adversely to defendant. Under this record no reason appears to justify interference with such determination.

■ Defendant urges reversible error in the giving of the following instruction:

"The jury are instructed that generally the contract of a carrier is that it will carry the passengers safely and in a proper carriage, and afford him safe and convenient means for entering cars and alighting therefrom; but it does not contract to render him personal service or attention beyond that. The recognized exceptions to the general rule are passengers who by reason of illness, great age, or other infirmity are unable to help themselves.

"So, in this case, you are instructed that under the law, the employees of the defendant railway company were not required to assist the plaintiff with her luggage at the time she proceeded to alight from the train, unless you further believe and find she belonged to the exceptions to the general rule, that is, that she was ill, or of great age, or had some infirmity which rendered her unable to help herself, or had asked for assistance."

It is contended that such instruction was erroneous under the rule in Dickinson v. Tucker, 74 Okl. 43, 176 P. 949, 950, wherein syllabus three states:

"Whether or not a person comes within such excepted class so as to impose a duty on the part of the carrier is a question for the jury, the standard of duty being not fixed but variable and shifting with the circumstances of the case; but, where there is no evidence tending to show that the plaintiff falls within the exceptions to the general rule it is reversible error for the court to submit to the jury the question of negligence of the carrier in failing to render such assistance."

It may be conceded that the instruction given was too broad, since it dealt with matters (i. e. exception to the general rule of lack of duty to assist passengers except in special circumstances) upon which there was no evidence. Although faulty in this respect, it does not appear that the jury could have been misled by such instruction since plaintiff relied entirely upon evidence tending to establish that the negligent construction of the defendant's car was the proximate cause of her injury. In such cases a judgment will not be reversed because of the instruction given. Prudential Insurance Co. v. Foster, 197 Okl. 39, 169 P. 2d 295, 166 A.L.R. 1; Reinhart & Donovan Co. v. Williamson, 191 Okl. 539, 131 P.2d 765; Empire Oil & Refining Co. v. Fields, 188 Okl. 666, 112 P.2d 395, appeal dismissed 314 U.S. 572, 62 S.Ct. 79, 86 L.Ed. 463.

Defendant contends the trial court erred by giving instruction No. 11, wherein the jury was advised defendant owed the utmost duty to protect the safety of passengers alighting from its train, and if defendant had, or should have had knowledge of an obstruction where plaintiff had to walk and negligently permitted same to remain, and as a result thereof plaintiff was injured then plaintiff should recover if such facts were shown by a preponderance of the evidence.

Defendant urges that the vice of this instruction is that it is based upon testimony given by plaintiff's attorney after being granted leave to reopen the case, wherein he described the condition of the threshold as he found it some eleven months following the accident. The fourth contention is based upon error allegedly existing because of the admission of this testimony. The only purpose of this evidence was to establish the approximate height of the threshold over which plaintiff stumbled, and alleged to have existed by virtue of negligent construction. This testimony was objected to upon the ground the proof failed to show the car was in the same condition at the time of inspection as it was at the time of the accident. It was pointed out to the trial court that any change in condition would be in defendant's favor since the wearing down of the threshold would lower the height and necessarily reduce the hazard of such obstruction. The testimony was admitted upon this basis. We find no reversible error in admitting the testimony, or in the giving of the instruction related thereto.

Judgment affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and DAVISON and BINGAMAN, JJ., concur.

WELCH, GIBSON, JOHNSON and O'-NEAL, JJ., dissent.

Rehearing denied; O'NEAL, J., dissenting.