## LAKE ERIE & WESTERN RAILROAD COMPANY v. MOORE.

[No. 5,850.   Filed April 26, 1907.   Rehearing denied April 24, 1908.
Transfer denied June 3, 1908.]

1. PLEADING.—*Complaint.—Negligence.—General Allegation of.*—A complaint, alleging generally that a railroad company negligently committed an act, to plaintiff's injury, is sufficient.   p. 33.

2. SAME.—*Complaint.—Negligence.—Railroads.—Violation of Ordinance.*—A complaint alleging that defendant railroad company "carelessly and negligently" ran "its locomotive and train of cars at a high and dangerous rate of speed * * * approaching from the north said crossing" in violation of a town ordinance set out, "without ringing any bell or sounding a whistle, or giving any notice whatever of the approach of said engine or cars * * * and solely through said negligence of the defendant, said engine and train of cars ran upon, against and over said plaintiff," is insufficient, since it fails to show that defendant was negligent at the time of the injury on the crossing.   p. 33.

3. SAME.—*Complaint.—Railroads.—Street Crossing Accidents.—Violation of Ordinance.*—A complaint for damages caused by defendant railroad company's violation of a town ordinance must show that the street and crossing where the accident happened were within such town.   p. 36.

4. APPEAL.—*Complaint.—Paragraphs.—Judgment.*—Where a complaint consists of two paragraphs—one good and one bad—and it cannot be determined, on appeal, on which the judgment rests, the judgment will be reversed.   p. 36.

5. PLEADING.—*Complaint.—Paragraphs.—Sufficiency.—How Determined.*—The paragraphs of a complaint, when attacked separately by a demurrer, must be considered separately and unaided by the other paragraphs.   p. 36.

From Hamilton Circuit Court; *L. S. Baldwin*, Special Judge.

Action by Burney Moore against the Lake Erie & Western Railroad Company. From a judgment on a verdict for plaintiff for $1,000, defendant appeals.   *Reversed.*

*John B. Cockrum, Shirts & Fertig* and *Hawkins, Smith & Hawkins*, for appellant.

*William S. Christian, P. J. Fariss* and *Gavin & Davis*, for appellee.

WATSON, J.—Appellee sued appellant for damages for personal injuries, alleging negligence on the part of the appellant. The complaint was in two paragraphs. Demurrers filed to each of these paragraphs were overruled, proper exceptions being saved. The cause was put at issue, tried by jury, and a verdict for $1,000, together with answers to seventy-two interrogatories, was returned. Motion by the appellant for judgment on the interrogatories overruled and exceptions; motion for new trial overruled and exceptions. The errors assigned are the overruling of the demurrers to the first and second paragraphs of amended complaint, overruling of the motion for judgment on the interrogatories, and the overruling of the motion for a new trial. The appellee insists that no question is presented by the demurrers, for the reason that they are not set out in full in appellant's brief, as required by clause five of rule twenty-two of this court. We think the appellant sufficiently complied with this rule in this respect.

The first paragraph alleges negligence on the part of the appellant in operating its train at the time of the accident. This court has held that where the complaint contains

1. a general allegation of negligence it is sufficient to withstand a demurrer for want of facts. The demurrer was therefore properly overruled. *Baltimore, etc., R. Co.* v. *Reynolds* (1904), 33 Ind. App. 219; *Louisville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564; *Cleveland, etc., R. Co.* v. *Berry* (1899), 152 Ind. 607, 46 L. R. A. 33.

The theory of the second paragraph is the negligence of the defendant in running its train in violation of the ordinance of the town of Cicero. Omitting the formal averments, the complaint is as follows: "That said rail-

2. road crosses all the main streets of said town which run east and west, and that Cass street, upon which plaintiff was traveling at the time he was injured, runs east and west, crosses said railroad at about right angles, is a public street,

and is much used by the traveling and general public; that on or about December 26, 1903, and prior thereto, defendant was the owner of said railroad, engine and train of cars hereinafter mentioned; that on the north side of Cass street and east of said railroad crossing were located a large number of dwelling-houses, an elevator and mill, and side-track of defendant, on which freight-cars were standing, which obstructed the view of said railroad north of said crossing, as said crossing is approached from the east, and that on account of said obstructions plaintiff, as he approached the same from the east, could not see nor hear any engine or train of cars approaching from the north on the day and at the time he received his injuries, which was on or about December 26, 1903; that on said day plaintiff was driving west on said Cass street, with a team of horses hitched to a carriage, in which carriage plaintiff was seated, and while he was so driving, and as he approached and entered upon said railroad crossing, he proceeded carefully, and exercised all due care and caution, and looked and listened for any engine or train of cars that might be approaching from the north or south on said railroad; that as he was passing over said railroad on said crossing, and at the intersection of said railroad and Cass street, said defendant carelessly and negligently was running its locomotive and train of cars at a high and dangerous rate of speed, that is to say, at the rate of more than twenty-five miles per hour, approaching from the north said crossing, in violation of an ordinance of said town of Cicero [here the ordinance is set out in full], without ringing any bell or sounding a whistle, or giving any notice whatever of the approach of said engine or cars; that, without any negligence on plaintiff's part, and solely through said negligence of the defendant, said engine and train of cars ran upon, against and over said plaintiff, and by reason of said collision plaintiff was bruised, mangled," etc.

The negligence charged in this paragraph is in the appellant's approaching the crossing with its engine at a high and

dangerous rate of speed in violation of the ordinance of the town of Cicero. It alleges, also, that appellee was injured, but it is not shown by any averment that he was injured other than by the negligence of the appellant in approaching said crossing. An engine and train might wrongfully and negligently approach a crossing and a traveler be injured thereon, yet it does not follow that he was injured as a consequence of said negligence. *Cincinnati, etc., R. Co.* v. *Voght* (1901), 26 Ind. App. 665; *Pittsburgh, etc., R. Co.* v. *Conn* (1885), 104 Ind. 64; *Southern R. Co.* v. *Sittasen* (1906), 166 Ind. 257.

In *Pittsburgh, etc., R. Co.* v. *Conn*, 104 Ind. 64, the complaint averred: "The appellant, with gross negligence and in a careless and reckless manner, caused one of its locomotives, then and there operated by its servants and agents, rapidly to approach said North street on and along said switch or side-track, without having the headlight lit in such locomotive, and without giving any reasonable, timely or proper warning, notice or signal of its approach, either by ringing its bell or blowing its whistle at a safe and reasonable distance from the crossing of the switch or side-track at North street." In that case the court held that the only averment charging negligence against the company was in its rapid approach toward North street in the manner stated, and that there was no allegation showing that the injury was caused by the company's negligence. The court further said: "It might be true, as alleged, that the appellant negligently caused the locomotive rapidly to approach North street at the crossing, in the manner stated, and yet be equally true that appellant, with due care and proper precaution, caused the locomotive slowly to enter upon and cross over North street at such crossing." In the case before us the injury complained of happened at the crossing of Cass street and the railroad, and in the absence of any averment showing that the engine at the time and place was negligently operated, and without due care and caution, the

paragraph of complaint is insufficient. In other words, the appellee does not show in this paragraph that he received his injuries by the negligence of the appellant.

The theory of the pleader was to impute negligence to the appellant in running its train in violation of an ordinance of the town of Cicero, but there is no allegation that Cass street is a street of said town, or that said crossing where plaintiff received his injuries is within the corporate limits of said town, and which would be affected by said ordinance. The demurrer to the second paragraph of amended complaint should have been sustained.

It does not appear affirmatively on which paragraph the verdict rests. The judgment, therefore, must be reversed on account of the error in overruling the demurrer to the second paragraph of amended complaint. We do not deem it necessary to pass upon the other errors assigned and discussed by appellant, as they may not occur at another trial of this cause.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of the amended complaint.

## On Petition for Rehearing.

WATSON, J.—In support of their petition appellee's counsel have earnestly insisted that because the first paragraph, which is not based on the violation of an ordinance of the town of Cicero in force at the time of the accident, does contain the averment "that Cass street is a public street in said town," and the further fact that the jury by its answers to interrogatories find that "Cass street is a street of said town," the necessary averment that is omitted in the second paragraph is thereby supplied, or at least the defect is thereby cured. It must be remembered that this paragraph is tested by demurrer, and it must stand or fall unaided by the allegations in another paragraph or part of the record. *Fidelity & Casualty Co.* v. *Sanders*

(1904), 32 Ind. App. 448; *American Ins. Co.* v. *Replogle* (1888), 114 Ind. 1; *Louisville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564; *Runner* v. *Scott* (1898), 150 Ind. 441; *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345, 44 L. R. A. 638; *Cleveland, etc., R. Co.* v. *Parker* (1900), 154 Ind. 153; *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202.

We have considered the questions discussed by counsel, and find no reason for changing our opinion.

Petition for rehearing overruled.