## LAKE ERIE AND WESTERN RAILROAD COMPANY
### v. BEALS.

[No. 7,645. Filed May 17, 1912.]

1. NEGLIGENCE.—*Complaint.*—*Allegations of Several Acts of Negligence.*—*Proof.*—Several charges of negligence may be embodied in one paragraph of complaint, and proof of one will be sufficient unless the acts of negligence charged are so related and dependent upon each other as to show that the injury complained of resulted from the combined acts. p. 453.

2. CARRIERS.—*Railroads.*—*Passengers.*—*Assistance in Alighting.*—*Duty of Carrier.*—Where a carrier has provided a safe and suitable place for passengers to alight and gives them a reasonable time to do so, it is not ordinarily required to tender assistance to a passenger in the act of alighting, except where by reason of sickness, age, infirmity, or some other cause known to the carrier or its servants, he is in need of assistance. p. 453.

3. CARRIERS.—*Railroads.*—*Passengers.*—*Negligence.*—*Failure to Assist Passenger in Alighting.*—*Complaint.*—*Sufficiency.*—In an action by a railroad passenger to recover for injuries in alighting from a train, a complaint, charging several acts of negligence, and charging negligence in the failure of defendant's servants to assist plaintiff in alighting, was insufficient as to such charge, where there were no allegations showing a duty to render such assistance or that the failure to render such assistance was the cause of the injury. p. 454.

4. CARRIERS.—*Railroads.*—*Passengers.*—*Complaint.*—*Allegation of Negligence.*—*Sufficiency.*—A complaint by a passenger for injuries in alighting from a train, alleging that while plaintiff was in the act of alighting, the defendant's servants negligently, and without notice caused the train to start suddenly with such speed as violently to throw plaintiff to the platform, sufficiently charged negligence without averring the particular duty which was violated, or the particular acts or omissions which constituted such violation of duty. p. 454.

5. NEGLIGENCE.—*Complaint.*—*Allegations.*—*Motion to Make Specific.*—Where a complaint charges that an act was negligently done, and it is desired that it should be more specific as to the duty violated, or the particular acts or omissions which constituted the violation, the defendant's remedy is by a motion to that effect. p. 454.

6. CARRIERS.—*Railroads.*—*Passengers.*—*Complaint.*—*Allegation of Negligence.*—*Proof.*—In support of an allegation that while plaintiff was alighting from a train the servants of defendant railroad

company negligently and without notice caused the train to start suddenly with such speed as to throw plaintiff to the station platform, plaintiff is permitted to prove any act or omission, in reference to the starting of the train, which constituted the violation of any duty owing to plaintiff as a passenger. pp. 455, 456.

7. CARRIERS.—*Railroads.—Passengers Alighting.—Duty of Carrier.* —A railroad company owes a passenger the duty to allow a reasonable time to alight before again putting the train in motion. p. 455.

8. CARRIERS.— *Railroads.— Passengers Alighting.— Negligence.— Starting Train.*—A railroad company will be held guilty of a breach of duty amounting to negligence in starting the train, if its servants caused the train to be started with knowledge that at the time a passenger is in the act of alighting, even though a reasonable time had been allowed for all passengers to alight. p. 455.

9. CARRIERS. — *Railroads. — Passengers Alighting. — Negligence.*— Where a railroad company stops its train at the station platform a sufficient length of time to allow passengers a reasonable opportunity to alight, the sudden starting of the train will not constitute negligence even though a passenger is at the time alighting, unless such fact is known to the servants of the company who give the directions to start the train. p. 455.

10. TRIAL.—*Instructions.—Application to Case.*—The instructions to a jury should state the law correctly in view of the issues and the evidence. p. 456.

11. CARRIERS.—*Railroads.—Passengers.—Instructions.—Injuries in Alighting.—Negligence.*—In an action by a railroad passenger for injuries caused by negligently starting the train while the passenger was in the act of alighting, an instruction that it was the duty of defendant's servants, before starting the train, to exercise reasonable care to inform themselves as to whether passengers were in the act of getting off, and, if they were trying to get off, to leave the car standing a sufficient time for all passengers, including the plaintiff, to get off in safety, was erroneous in that it required defendant to ascertain whether a passenger was in the act of alighting before starting the train, regardless of whether a reasonable time had been allowed for passengers to alight. p. 456.

12. CARRIERS—*Railroads.—Duty as to Passengers Alighting.—Rule as to Street-Car Passengers Not Applicable.*—While the conductor of a street-car must use the highest degree of care to see that no person is in the act of alighting at the time the car is started, the rule does not apply in the operation of a railroad passenger-train. p. 457.

13. CARRIERS.—*Railroads.—Passenger Alighting from Train.— Negligence.—Instructions.—Conformity to the Issues.*—In an action by a passenger for injuries sustained in, alighting from a

train, where the question of negligence in failing to assist the plaintiff in alighting was not in issue, the giving of an instruction on that subject was error, although the instruction given was a correct statement of the law as an abstract proposition. pp. 457, 459.

14. CARRIERS.—*Railroads.*—*Duty as to Passengers Alighting.*— *Instructions.*—*Refusal.*—In an action against a railroad company by a passenger for injuries caused by alleged negligence in suddenly starting the train while plaintiff was in the act of alighting therefrom, the refusal of instructions tendered by defendant, which correctly defined and limited the duties of the defendant with reference to the stopping of trains to discharge passengers, the length of time trains should remain standing for that purpose, and the care required in again putting the same in motion, was erroneous. p. 459.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Juliet Beals against the Lake Erie & Western Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John B. Cockrum, Shirts & Fertig,* for appellant.
*Kane & Kane* and *Joseph A. Roberts,* for appellee.

LAIRY, J.—Appellee brought this action, as a passenger, against appellant for injuries sustained by her in alighting from one of appellant's trains in the city of Noblesville, Indiana. It appears from the averments of the complaint that appellee boarded a train of appellant company at Indianapolis, to be carried as a passenger to Noblesville, and that when the train arrived at the latter station, at about seven o'clock in the evening, it was stopped for the purpose of allowing passengers to alight therefrom. The allegations of the complaint in respect to the negligence of appellant are as follows: "That plaintiff as soon as the train stopped immediately started from her seat in said car to the platform thereof and down the steps toward the station platform without halt or delay until she was on the steps of the car, at which time she, noticing that no one of defendant's servants or other person was present to assist her in alighting hesitated a few seconds while looking for such assistance

but no one being there to assist her and the defendant's servants negligently failing to come to assist her to alight she proceeded to the lower step of the car and was in the act of alighting therefrom to the station platform when the defendant's servants in charge of said train negligently and without notice caused the train and car to suddenly start with such speed as to jerk and throw plaintiff violently to and on the station platform and was thereby badly injured, etc. * * * That said injuries were caused wholly through and by the fault and negligence of the defendant.''

The averments of the complaint indicate an attempt on the part of the pleader to state several acts of negligence;

1. but it is not improper to embody several charges of negligence in one paragraph of complaint, and proof of one will be sufficient, unless the acts of negligence charged are so related and so dependent on each other as to show that the injury complained of resulted from the combined acts of negligence. *Long* v. *Doxey* (1875), 50 Ind. 385; *Fort Wayne, etc., Traction Co.* v. *Crosbie* (1907), 169 Ind. 281, 81 N. E. 474, 13 L. R. A. (N. S.) 1214, 14 Ann. Cas. 117; *Louisville, etc., Traction Co.* v. *Short* (1908), 41 Ind. App. 570, 83 N. E. 265.

There is no direct averment in the complaint that the servants of appellant failed or neglected to assist appellee to alight, the averments on that subject being by way of recital merely; but even though these averments should be given force, there is no averment that appellee was sick and infirm, or that she was otherwise in need of assistance. If

2. a carrier has provided a safe and suitable place for passengers to alight, and has brought his conveyance to a stop at that place, and given a reasonable time for all passengers to alight, it is not ordinarily a part of the duty of the servants of such carrier to tender assistance to passengers who are in the act of alighting from the train. This duty arises only in cases where the passenger, by reason of sickness, age, infirmity, or some other cause known to

the carrier or his servants, is in need of assistance; or where the place provided for the passenger to alight is of such a character as to render assistance reasonably necessary. *Illinois Cent. R. Co.* v. *Cruse* (1906), 123 Ky. 463, 96 S. W. 821, 8 L. R. A. (N. S.) 299, 13 Ann. Cas. 593; *Gulf, etc., R. Co.* v. *Garner* (1908), 52 Tex. Civ. App. 387, 115 S. W. 273; *Raben* v. *Central Iowa R. Co.* (1887), 73 Iowa 579, 35 N. W. 645, 5 Am. St. 708; 2 Hutchinson, Carriers (3d ed.) §1127. As there is no averment of any fact showing that appellant or its servants owed any duty to appellee to

3. assist her in alighting from the train, and as the complaint fails to aver that the fall of appellee and the resulting injury was caused by the failure to render such assistance, we think that the complaint is insufficient to sustain a recovery on this charge of negligence.

The complaint, however, contains the general averment that while appellee was in the act of alighting from the steps of the car to the station platform, the servants of ap-

4. pellant, •negligently and without notice caused said train and car suddenly to start with such speed as to throw appellee violently to the station platform. It has frequently been held by this court and the Supreme Court that it is a sufficient charge of negligence to aver that an act was negligently done, without specifying the particular duty which was violated, or the particular acts or omissions which constituted such violation of duty. *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569, 71 N. E. 661; *Lake Erie, etc., R. Co.* v. *Moore* (1908), 42 Ind. App. 32, 81 N. E. 85, 84 N. E. 506. If it is desired that the complaint

5. should be more specific in these particulars, the defendant should make a motion to that effect; but, in the absence of such a motion, the complaint will be held good as against a demurrer. *Louisville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564, 45 N. E. 108; *Tipton Light, etc., Co.* v. *Newcomer* (1901), 156 Ind. 348, 58 N. E. 842.

In support of this allegation, appellee would be permitted

to prove any and every act or omission in reference to the starting of the train, which constituted the violation of any duty owing to her as a passenger. Having reached the station at which appellee was to get off, and having stopped its train at the platform, the company owed appellee the duty to allow a reasonable time for her to alight before again putting the train in motion. If appellant failed in this duty, and started the train without allowing a reasonable time for appellee to alight, this would be a negligent starting of the train within the meaning of the general averment. Appellant would also be held guilty of a breach of duty amounting to negligence in starting the train, if its servants caused the train to be started, knowing that appellee was at the time in the act of alighting from the train, and this would be true even though a reasonable time had been allowed for all passengers to alight. *Highland Ave., etc., R. Co.* v. *Burt* (1890), 92 Ala. 291, 9 South. 410, 13 L. R. A. 95; *Straus* v. *Kansas City, etc., R. Co.* (1881), 75 Mo. 185; Moore, Carriers 185.

It is argued that the averment in the complaint in respect to the negligent starting of the train is not such a general averment of negligence in that respect as would authorize proof of any and every act or omission in starting the train amounting to a breach of duty owing to appellee. It is claimed that the acts which appellee relies on as constituting the negligence of appellant in starting the train are specifically alleged, in that it is stated that the servants of appellant caused said train to start suddenly, without notice, and with such speed as to throw appellee violently to the platform. If appellant stopped its train at the station platform a sufficient length of time to allow appellee a reasonable opportunity to alight, it then had a right to start it suddenly and without notice; and the fact that it did so would not constitute negligence, even though appellee was at the time in the act of alighting, or was otherwise in

a place of danger, unless such position of appellee was within the knowledge of the servants of the company who gave directions to start the train. *Harris* v. *Gulf, etc., R. Co.* (1904), 36 Tex. Civ. App. 94, 80 S. W. 1023; *Hurt* v. *St. Louis, etc., R. Co.* (1887), 94 Mo. 255, 7 S. W. 1, 4 Am. St. 374; 4 Elliott, Railroads §1628. It cannot be said, therefore, that the averment that the train was started suddenly and without notice, amounts to such a specific charge of negligence in starting the train as to preclude proof of the breach of any duty arising out of such act, not specifically alleged.

Under the pleadings, the negligence charged against appellant was limited to the starting of the train. If the train was started before appellee had been allowed a reasonable time to alight in safety, and if her injury resulted as a consequence, appellant is liable; or if the conductor gave a signal to start the train when he knew that appellee was in the act of alighting, she may recover for any injury thereby occasioned. These questions should have been fairly submitted to the jury under the law and the evidence. The instructions to the jury should state the law correctly in view of the issues and the evidence. *Patterson* v. *Doe* (1846), 8 Blackf. 237; *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941.

We do not think that the questions of fact in issue were fairly submitted to the jury for its decision by the instructions given in this case. The court at the request of appellee gave to the jury instructions one and two, which were objected to by appellant. Instruction one is as follows: "The plaintiff in this cause alleges in her complaint that at the time of the accident she was a passenger on the defendant's railroad train, and I charge you that if under the evidence you find that the plaintiff was at said time a passenger on the defendant's railroad train, intended to alight from said train at Noblesville, which was her destination, it was the duty of defendant's servants in charge of

said train, before starting the same to exercise reasonable care to inform themselves as to whether or not passengers were in the act of getting off the same and if they were trying to get off to leave said car standing a sufficient length of time for all passengers, including the plaintiff, to get off said car in safety.''

Under this instruction a steam railway, engaged as a carrier of passengers, would be required to use care to ascertain whether a passenger was in the act of alighting from any of its cars before putting the train in motion, regardless of the fact that a reasonable time had been allowed for all passengers to alight before the train was put in motion. This is not the law as applied to the operation of steam railways. Where the train has been stopped for a length of time sufficient to enable all passengers, without haste or confusion, to leave the train safely, the conductor then has a right to presume that they have done so, and he may start the train without causing an examination to be made of each of the car platforms before doing so. *Straus* v. *Kansas City, etc., R. Co., supra; Louisville, etc., R. Co.* v. *Espenscheid* (1897), 17 Ind. App. 558, 47 N. E. 186; *Raben* v. *Central Iowa R. Co., supra; Imhoff* v. *Chicago, etc., R. Co.* (1866), 20 Wis. 362.

A different rule for a different reason has been applied to the operation of street-cars. The conductor of a street-car must use the highest degree of care to see that no person is in the act of alighting at the time the car is started. *Highland Ave., etc., R. Co.* v. *Burt, supra; Birmingham Union R. Co.* v. *Smith* (1889), 90 Ala. 60, 8 South. 86, 24 Am. St. 761; *Crump* v. *Davis* (1904), 33 Ind. App. 88, 70 N. E. 886.

Instruction two, requested by appellee and given by the court, is as follows: ''When a passenger enters the car of the railroad company for transportation over its road, he or she, places his or her person in the custody of the railroad company, and has the right to rely upon

the railroad company's discharging its duty to provide for his or her safety; this duty involves the providing by the company of such suitable and proper assistance from the trainmen and employes as may be necessary to enable the passenger to alight from the train, and the stopping of trains at its station in a proper place and for a sufficient length of time to enable the passengers to alight from the train in safety, and if the company is negligent in failing to discharge all or any of the foregoing duties, and the passenger is injured by such failure without fault or negligence on his or her part, the company is liable for the injury sustained.'' This instruction contains a correct statement of the law as an abstract proposition, and, in a proper case where the pleadings and evidence warrant such an instruction, it should be given. *Lake Erie, etc., R. Co.* v. *Taylor* (1900), 25 Ind. App. 679, 58 N. E. 852. In this case, however, we have held that the question of the negligence of the servants of appellant, in failing to assist appellee to alight in safety, is not presented by the pleadings, and for that reason no instruction bearing on this question should have been given.

The court refused to give instructions three, four, six, ten and eleven, requested by appellant. Instructions six and ten are as follows: '' (6) If you find that the plaintiff was in good health and not suffering from any physical infirmities and was able to walk and go about without assistance and as an ordinary person, and if, by the exercise of reasonable diligence and expedition the plaintiff could have left her seat in said car and proceeded to the steps of said car and alighted therefrom in safety before said train started to leave the station, and if none of the defendant's servants had any knowledge that plaintiff intended to alight, then you should find for the defendant.'' '' (10) It is the duty of the railroad to stop its trains for a reasonable time at way stations in order that passengers may get on or off the cars with safety; and the railroad company is liable

when its conductor, or other servant, gives a signal while a passenger is obviously in the act of getting on or off its said train; but if the train has stopped a reasonable time, and the passenger has given no notice of an intention to alight, and the conductor does not see him in the act of alighting, the railroad company is not liable for the act of the conductor in starting the train.''

In view of the issues and the evidence in this case, it was important that the jury should be fully and correctly instructed as to the duties which the law imposes on steam railways in reference to the stopping of their trains to discharge and receive passengers, the length of time they should remain standing for that purpose, and the care required by such carriers in again putting such train in motion. Instructions six and ten, just recited, correctly define and properly limit the duties of appellant in this respect, and the court erred in refusing to give them.

Instruction eleven, tendered by appellant and refused, is quite lengthy, and need not be set out. The jury is informed by this instruction that if they find certain facts to be true, their verdict should be for appellant. Appellee has not pointed out any objection to this instruction, and we fail to discover any. In our opinion, this instruction should have been given.

The third and fourth instructions tendered, relate to the duties of the servants of a carrier in assisting passengers to alight. Under the issues in this case, there was no error in refusing these instructions.

It is possible that if the question involved had been properly submitted to the jury under proper instructions the result might have been the same; but we have no means of knowing that it would not have been different. Appellant was entitled to have the issues of fact presented to the jury for its decision under proper instructions from the court. As this was not done a new trial should be granted. The

judgment is therefore reversed, with directions to grant a new trial. It is also ordered that appellee be given leave to amend her complaint if desired.

Note.—Reported in 98 N. E. 453. See, also, under **(1)** 28 Cyc. 587; (2) 6 Cyc. 611; (3) 6 Cyc. 611, 626; (4) 6 Cyc. 626; (5) 31 Cyc. 644, 650; (6) 29 Cyc. 584; (7) 6 Cyc. 612; (8, 9) 6 Cyc. 613; (10) 38 Cyc. 1612, 1617; (11, 13, 14) 1913 Cyc. Ann. 771; (12) 6 Cyc. 612, 615. On the carrier's duty to guide or conduct passenger to or from train, see 20 L. R. A. (N. S.) 1041. As to the liability of a carrier for assistance negligently rendered passenger by employe, see 10 L. R. A. (N. S.) 411. As to carrier's duty to see that passenger has alighted before starting train at station, see 25 L. R. A. (N. S.) 217. As to the duty of a street-car conductor to see that passenger is off before starting the car, see 11 L. R. A. (N. S.) 140. For time allowed passenger to alight, see 4 L. R. A. (N. S.) 140. As to the doctrine that a carrier's duty towards a passenger extends not only to transporting him safely but seeing him safely alight, see 77 Am. St. 27. As to the carrier's duty with reference to time and place for alighting, see 7 Am. St. 833. As to the duty of a railroad company to allow passengers time to board or alight from trains, see 7 Ann. Cas. 760; 14 Ann. Cas. 962; Ann. Cas. 1912C 794.