CITY OF NEW CASTLE v. SMITH-JACKSON COMPANY.

[No. 12,989. Filed April 27, 1928.]

*John Kiplinger, Paul Brown* and *Chester M. DeWitt,* for appellant.

*Titsworth & Titsworth, Pickens, Davidson, Gause & Pickens* and *E. G. Scotten,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages to a stock of merchandise stored by appellee in the basement of its wholesale plant located on Eighteenth street in appellant city, said damage being caused by water in the basement of said plant during and following a heavy rain storm on March 30, 1922, appellee claiming the flooding of the basement was due to negligence of appellant.

To the complaint in one paragraph, appellant filed an answer in general denial and the cause was submitted for trial to a jury, which found for appellee in the sum of $3,450.

Appellant assigns that the court erred in overruling its motion for a new trial, because, the verdict of the jury is not sustained by sufficient evidence, it is contrary to law, the damages assessed by the jury are excessive, there was error in instructing the jury, and in the admission of certain evidence.

Appellant complains that it was error to permit an expert witness to testify as to the insufficiency of two certain sewers to carry the water assembled in the district covered by the question. Appellant says that it appears by the evidence that appellee constructed its building on such sewers subsequent to the time they were constructed, and that, as a matter of law, he was required to take notice of their capacity and the probability, if any, of their being insufficient to carry off the water of the district, and that appellee could not recover on account of negligence, if any, which occurred theretofore and at the time of the construction of the sewers. But appellee had a right, as one step in making its case, to prove that the sewer system involved was insufficient, and then it was for the jury to deter-

mine from all the evidence as to whether appellee knew of such insufficiency, and as to whether there had been any changes or additions to the system after appellee erected its buildings, and as to whether the system had been properly maintained. The jury was fully instructed as to these questions by the court in its instruction No. 12, by which it was told that if an insufficient system had been constructed before appellee constructed its building, and that the condition of the system at the time of the injury was the same as at the time the building was erected, and that appellee knew, or by reasonable diligence could have known, of the system's lack of capacity, then appellee could not recover.

Appellant complains of instruction No. 14 given by the court which instructed the jury that the mode in which the power to construct sewers is to be exercised, in reference to the rights of persons in the enjoyment of their property, is limited in the same way and to the same extent as the power of a private citizen in the use of his property, and if the authorities in the construction of sewers do not adopt plans and perform the work in good faith, and with reasonable care and skill, so as to avoid doing injury to property owners, the city will be liable for any damages directly resulting therefrom. That this is a correct statement of the law, see *City of Terre Haute* v. *Hudnut* (1887), 112 Ind. 542, 13 N. E. 686.

Appellant says that, by it nineteenth instruction, the court informed the jury that appellant would be liable for negligence, if any, which may have occurred in the construction of a private sewer, which private sewer may afterwards have been adopted as a part of appellant's sewer system. But we do not so read the instruction. By it the jury was informed that if appellant "incorporates as a part of a sewer system, built or developed by the defendant, a private sewer,

which was inadequate in capacity, that said defendant would be liable for negligence in *constructing such sewer system, of which such private sewer became a part, and would be liable for negligence in improperly maintaining such sewer system, of which said private sewer became a part.*" (Our italics.) The instruction, properly interpreted, states the law. *City of Indianapolis* v. *Lawyer* (1871), 38 Ind. 348, 370; *City of Fort Wayne* v. *Coombs* (1886), 107 Ind. 75, 81, 7 N. E. 743, 57 Am. Rep. 82.

Appellee's complaint avers divers acts of negligence in the construction of the sewer system, any one of which might have produced the injuries complained of therein. Instruction No. 2 given by the court told the jury that, under the issues formed by a general denial of the complaint, appellee could not recover "until all the material allegations of the complaint with reference to one or more of the alleged acts of negligence of the defendant, and with reference to at least some part of the alleged damage complained of, have been proved by a preponderance of the evidence." Appellant argues that the case belongs to the class of cases where the action is made to depend upon two or more facts or negligent acts which, taken in combination, cause the alleged injury. But we do not understand that this case depends upon two or more facts or acts which, taken in combination, caused the injury. As stated above, numerous negligent acts are alleged, any one of which might have produced the injury complained of. Under such circumstances, a recovery may be had if it be established that the injury was the result of any one or more of the acts of negligence. *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, 149, 73 N. E. 91. As was said in *Lake Erie, etc. R. Co.* v. *Beals* (1912), 50 Ind. App. 450, 98 N. E. 453, it is not improper to embody several charges of negligence in one paragraph

of complaint, and proof of one will be sufficient, unless the acts of negligence charged are so related and so dependant on each other as to show that the injury complained of resulted from the combined acts of negligence.

The substance of appellant's instruction No. 2 which was requested and refused, was given in instruction No. 12, the substance of which is set out above. We, therefore, give it no further consideration. Appellant's instruction No. 8 tendered and refused, was also fully covered by other instructions, and there was, therefore, no error in the court's refusing to give it.

There was no error by the court in refusing to give appellant's tendered instruction No. 14 which would have informed the jury that appellant is not liable for any injury to appellee by any defects in or obstructions to a private sewer which the instruction defines as one over which appellant exercised no dominion or control and was not constructed by appellant. But a city may be liable for defects in a sewer though not constructed by it, if it has adopted it as a part of its sewer system. Instructions to this effect were given by the court, in which it was left to the jury, as a question of fact, to determine as to whether a sewer built by private parties had been adopted as a part of the public sewer system involved. There was no error in refusing appellant's tendered instruction No. 14.

Appellant predicates error on other instructions tendered and refused as well as on other instructions given by the court. But, after examining them, we conclude that nothing can be gained by their discussion. It is sufficient for us to say that by the instructions given, as a whole, the jury was well instructed as to the law of the case.

Divers questions as to the negligence, or rather want of negligence, of appellant, and as to the contributory

negligence of appellee are presented; but these were questions of fact for the jury, the jury has decided adversely to appellant's contention, and there is evidence to sustain the determination of the jury. Nothing can be gained by discussing the evidence in detail as to its sufficiency. We find no reversible error.

Judgment affirmed.