BRITTON *v.* MICHIGAN CENTRAL RAILROAD CO.

| | |
|---|---|
| 118 | 491 |
| 120 | 135 |
| f 120 | 148 |
| 118 | 491 |
| f122 | 315 |
| 118 | 491 |
| 135 | [1]360 |
| 118 | 491 |
| 137 | [2]187 |
| 137 | [2]499 |

1. TRIAL — ACCIDENT AT RAILROAD CROSSING — ARGUMENTS OF COUNSEL—PERSONAL OBSERVATIONS.

It is error for the court to permit plaintiff's counsel, in an action for injuries at a railroad crossing, to state to the jury in his closing argument his own observations with respect to the opportunity for seeing the track from the highway, based upon a visit to the scene of the accident.

2. SAME—CONTRIBUTORY NEGLIGENCE—JUDGMENT OF ATTORNEY.

Counsel has no right to place before the jury in an action for personal injuries, as tending to show that plaintiff was not guilty of contributory negligence, the fact that, by reason of his experience in damage suits, he would not have taken the case unless his client had satisfied him that he was free from negligence.

3. SAME—DAMAGES—COST OF LITIGATION.

It is error for the court, in an action for personal injuries, to permit plaintiff's counsel to urge the jury to include in their verdict compensation to plaintiff for the expense of litigation and the trouble in prosecuting the claim.

Error to Shiawassee; Smith, J.   Submitted October 21, 1898.   Decided November 9, 1898.

Case by Martinus S. Britton against the Michigan Central Railroad Company for personal injuries.   From a judgment for plaintiff, defendant brings error.   Reversed.

*M. V. & R. A. Montgomery* (*J. P. Lee*, of counsel), for appellant.

*Watson & Chapman*, for appellee.

Hooker, J.   The plaintiff was injured while riding in a buggy, through a collision at the crossing of a highway and the defendant's railway in the city of Owosso.   In an action charging negligence he recovered a judgment, and the defendant has brought error.

It is unnecessary to consider all of the questions raised. The circuit judge seems to have overlooked the responsibility resting upon him to see that the defendant had a fair trial, and allowed counsel to present the case to the jury in a way calculated to arouse their prejudices.   It is said in the brief that the rule of this circuit forbids interruption of counsel during an argument, no matter how far they wander from the record or transgress professional ethics.   If this is true, we cannot commend the rule as a safe one to be applied upon all occasions.   There is much that is intemperate in the argument of counsel in this case.   Usually we assume that the circuit judge does his full duty in the premises, and do not reverse cases for such errors unless clearly injurious.   Among the less violent, but improper, statements of counsel, we find the following in the record of his argument:

"These cars, instead of coming off straight at right angles, go straight in that direction, and as you go past them they are behind you, and block up your vision, so you look at an angle from behind you [illustrating on map].   Not only that, you get this pump works behind you; and when men talk about not shutting up the vision, I don't believe it.   I have been over on Chipman street

myself. You stretch a line of box cars away off about 800 feet,— about 60 or 70 rods,— and have it at this angle, when you are close to that track, naturally your line of vision is partially behind you, and the pump-house would shut your vision out; and I will guarantee to say that the men couldn't see that train, unless they had seen it back there nearly half a mile."

Again, he said:

"One thing I think you have noticed is that the firm of Watson & Chapman have tried a great many damage suits,—a great many damage suits. I think I have drawn more declarations in damage suits than any other man in this section of Michigan. I say, I believe more than any man in the State of Michigan, with the exception of one, and that is Mr. Hayden, of the Upper Peninsula. I think you will give me credit for knowing something what the law of damage is in cases of this kind. I know my Brother Geer gives me credit for knowing what it is, and so do you. Now, do you believe Mr. Britton came into the office of Watson & Chapman, and said he didn't stop at the railroad crossing, and Watson & Chapman undertook to try his case? No, sir; certainly we didn't. Nobody else would believe it."

And, continuing, he said:

"We have asked the jury for $10,000. I say in this case the old man ought not to have at least less than $5,000. He ought to have a good round compensation,— such compensation as will compensate him for the injury that has been inflicted upon him; something that is going to pay him for the litigation and fight he has got to make to get it. In this case I say, if ever a man was entitled to recover a good verdict, this is one of them."

It was error for him to state to the jury facts based on his own observation, or to argue, as proof that the plaintiff stopped before attempting to cross the railroad, that his counsel would not have commenced the action if he had not stopped. Nor should the jury have been asked to give the plaintiff compensation for the expense of litigation, or for trouble in prosecuting his claim. Had these things been promptly repressed, we might have passed them by as error without injury; but the record indicates that there was no effective restraint upon counsel.

We also think that too great latitude was permitted in relation to the evidence of plaintiff's statements of his injuries and feelings. We think the court did not err in his refusal to take the case from the jury, and we are not disposed to review the exercise of discretion in permitting an amendment to the declaration.

The judgment is reversed, and a new trial ordered.

GRANT, C. J., MOORE and LONG, JJ., concurred. MONTGOMERY, J., did not sit.