## HILLMAN v. DETROIT UNITED RAILWAY.

1. TRIAL—ARGUMENT OF COUNSEL—PREJUDICE.
    The argument of counsel to the jury, in an action against a street railway for personal injuries, in which he urged that the jury should not defeat the honest claim of a poor man, by the lies and perjury resorted to by a corporation, and censured the defendant for making a motion to take the case from the jury, was improper.

2. APPEAL AND ERROR—CURE OF ERROR—ARGUMENT.
    The mischief of such an argument, when persisted in by the counsel, was not cured by the admonition of the court.

Error to Wayne; Mandell, J.   Submitted January 12, 1904.   (Docket No. 14.)   Decided July 16, 1904.

Case by Samuel Hillman against the Detroit United Railway for personal injuries.   There was judgment for plaintiff, and defendant brings error.   Reversed.

*Brennan, Donnelly & Van De Mark* and *Henry L. Lyster*, for appellant.

*William E. Fenwick* (*A. B. Hall*, of counsel), for appellee.

MOORE, C. J.   The plaintiff recovered a judgment against the defendant company for personal injuries received while crossing its track.   The case is brought here by writ of error.

It is the claim of plaintiff he was driving north on Randolph street, which is a north and south street, toward Congress street, which is an east and west street, with a double street-car track upon it; that before he attempted to cross the track he looked both ways, and, seeing no car, started across the tracks, and got nearly across when the rear part of the rear wheel of his wagon was struck by the fender of the car.   The plaintiff sustained a fracture of the hip.

It is contended by the defendant that the plaintiff's allegations of negligence have not been sustained, and also that plaintiff was guilty of contributory negligence, and cannot recover, and that a verdict should have been directed in favor of defendant.   The testimony upon both of these propositions was conflicting.   The accident happened near the county building.   The jury were taken to the place of the accident.   We think the testimony presented questions of fact for the jury which were left to it under proper instructions.

Error is assigned in relation to the argument of counsel for plaintiff.   Counsel say, if the argument was improper, it was cured by the action of the trial judge.   One of the

counsel for plaintiff made an argument some of which ought not to have been made.    He was told by the judge his argument was not proper, and finally was cautioned by the court as follows:

" *The Court:* If you have a meritorious case, I think you are jeopardizing it by an argument of that kind, and I think it my duty to you—perhaps because you are in the heat of argument, and I have done it myself—when you will say things you ought not to say, to call your attention to the matter; and I will say to this jury that in this suit, if the plaintiff is entitled to compensation, he is entitled to full compensation, and he is not entitled to anything because the defendant's motorman was either a wise man or a fool, a cruel or a tender-hearted man.    That has nothing to do with the elements of damage in this case, and I think counsel better pursue a different line of argument."

This counsel heeded the admonition, but the counsel who followed him did not, and said, among other things:

"Are you gentlemen to be influenced by such testimony as this?    Are you to defeat the honest claim of a poor man, who comes before you for justice, by a corporation that will resort to such lies and perjury to maintain their case in this court"—to which defendant excepted.

"I say that the people of the city of Detroit and county of Wayne are looking to the juries of this court to see that justice is done.    You men must stand in between this man and injustice.    They have made a motion to take it away from your consideration.    They did not want you to trouble with this case.

" *Mr. Lyster:* Now, I take an exception to this remark.

" *Mr. Hall:* Take it, then; take it.

" *The Court:* An exception will be noted.

" *Mr. Lyster:* I think counsel should be reprimanded by the court.

" *Mr. Hall:* I repeat it.    It is on record in this case that they have made a motion to take this case from the jury.    Why did they want to take it from the jury ?

" *The Court:* Wait a moment.    They have a perfect right to do that.

" *Mr. Hall:* Certainly, they have a right to do that.

" *The Court:* The same as you have a right to request

that certain charges be granted. Nothing can be imputed from that.

"*Mr. Hall:* Nothing can be imputed, your honor, except that they did not want it to go to the jury"—to which the defendant excepted.

"*The Court:* They have a perfect and legal right in this court always to make this request.

"*Mr. Hall:* I repeat to you, gentlemen of the jury, that we wanted this case to go before you. We have the utmost confidence in the absolute integrity and honesty of twelve of you men, and if we had not had we would not have let you sit on this panel. We have selected you men as your names were drawn from the box because from what we knew or what we have been able to learn of you twelve men we are willing to trust an honest case in the hands of twelve honest men, and we now come to you and appeal to you to analyze this testimony, and see whether you can pick a single flaw in the testimony of this plaintiff or any of his witnesses."

Other objectionable statements were made, which it is not necessary to set out here. The argument was an improper one to make, within the repeated rulings of this court. *Tunnicliffe* v. *Railway Co.*, 107 Mich. 261 (65 N. W. 226); *Britton* v. *Railroad Co.*, 118 Mich 491 (76 N. W. 1043); *Selby* v. *Railway Co.*, 122 Mich. 311 (81 N. W. 106).

One cannot read the record without being impressed with the idea that the trial judge got tired of trying to keep counsel within the rules, and that counsel was not willing to acquiesce in the admonitions and suggestions of the court. The mischief done by the improper argument of counsel was not cured by the judge.

Judgment is reversed, and new trial ordered.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. CARPENTER, J., did not sit.