HUGHES *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — NEGLIGENCE — SIDEWALK INJURIES —STREETS AND HIGHWAYS.

Under the statute requiring municipalities to keep the streets reasonably safe and fit for public travel, the city cannot relieve itself of liability by turning a street over to a paving contractor.[1]

2. SAME—CONSTRUCTIVE NOTICE.

In an action for injuries sustained at a street crossing where paving was in progress, and the contractor had placed a defective plank for the use of the public in descending into the excavation, evidence that the plank had remained at the

[1] As to liability of municipal corporation for defects or obstructions in streets, see note to *Elam* v. *Mt. Sterling* (Ky.), 20 L. R. A. (N. S.) 512.

place of the accident several days before the injury, that work had been suspended about ten days, and had been done under the supervision of the department of public works, which was authorized to put an inspector in charge, justifies the submission to the jury of the question of notice to the municipality.

3. SAME — CONTRIBUTORY NEGLIGENCE — QUESTIONS OF LAW AND FACT.

Whether plaintiff, who had previously crossed the defective plank, was guilty of contributory negligence was a question of fact.

4. EVIDENCE—CROSS-EXAMINATION—INTEREST.

Prejudicial error is committed by plaintiff's counsel who shows on cross-examination that a witness for the defendant, in an action for personal injuries received on a defective plank which the paving contractors supplied for the use of the public, was one of the contractors and had given an indemnity bond to secure the municipality against negligence in the conduct of the work, especially, when, in argument, comment was made upon the effect of such bond.

5. TRIAL—ARGUMENT—CONDUCT OF COUNSEL.

It is reversible error to argue to the jury, on the question of damages for personal injuries, that they or members of their families would not suffer similar injuries for much more money than plaintiff asks.

Error to Wayne; Donovan, J. Submitted February 16, 1910. (Docket No. 45.) Decided May 7, 1910.

Case by Elizabeth Scott Hughes against the city of Detroit for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Edmund Atkinson* (*P. J. M. Hally*, of counsel), for appellant.

*George P. Codd* and *A. B. Hall*, for appellee.

MCALVAY, J. Plaintiff recovered a judgment against defendant in an action for damages for personal injuries. Defendant upon a writ of error has appealed to this court for reversal on account of errors committed upon the trial.

At the time of the injury, and for some time previous, Townsend avenue in said city, which runs north and south, was being paved with cedar blocks on concrete foundation from Mack avenue north to Gratiot avenue, by W. W. Hatch Sons' Co., under contract with the department of public works of Detroit. Plaintiff lived on the west side of Townsend avenue between Mack avenue and Sylvester avenue, about 100 feet south of Sylvester avenue. Plaintiff was injured July 1, 1907. In constructing this pavement the excavating is first done, the roadbed prepared to receive the concrete foundation, and the blocks are then put in. At the time of the injury the concrete foundation was finished from Gratiot avenue south nearly to Sylvester avenue. Grading across and south of Sylvester avenue past plaintiff's home had been completed 10 days. The concrete foundation at and south of Sylvester avenue had not been put in. Curb had been set the entire length of the street. Cedar paving blocks had been piled all along the street between the curb and the sidewalk. Work on this pavement at Sylvester avenue and south had been suspended for about 10 days, and was not resumed at the time of the accident. At the southeast corner of Townsend and Sylvester avenues a pile of earth about one foot high had been thrown out of the excavation on the crosswalk over Townsend avenue. The excavation was at least 20 inches deep. Two planks had been placed side by side at this point; the lower ends resting on the bottom of the excavation, and the upper ends upon the top of the curb. Plaintiff had frequently gone over the street while the work was progressing. Across the roadway of Sylvester avenue on the east side there was a barrier, and red lights were hung. Towards evening on the day of the accident plaintiff left her home on Townsend avenue, on her way to her sister's home on Sylvester avenue to the east. She proceeded north on the west side of Townsend until she came to Sylvester, and, turning east, crossed Townsend by going into the excavation and up these planks, then east

along the south side of Sylvester to her sister's. She returned in a short time by the same route, carrying a basket in her hand. At the intersection of these streets, before starting to cross Townsend, she stopped to talk with Mr. Grundy, who was sitting on the steps of his store at that corner. She then proceeded on her way home, and, reaching the planks, got as far as the middle when, according to her testimony, the plank she was walking on broke, throwing her to the ground and injuring her foot. It was not yet dark, and she could readily see where she was going. The electric light at this corner was lighted. These facts do not appear to be disputed, except as to whether the plank broke with the weight of plaintiff, or whether she slipped from the plank. The plaintiff claimed and offered proof tending to show that these planks were put at this crossing by a watchman of the paving contractor, and that they had been kept there.

When the testimony in the case was closed, defendant moved for an instructed verdict, on the ground that no negligence on the part of defendant was shown, for the reason that the wrongdoer was not connected with the contractor, or with the city; that the city had no notice of this condition of the street; that plaintiff was guilty of contributory negligence. This motion was denied, and the case was submitted to the jury. The trial resulted in a verdict and judgment for plaintiff. A motion for a new trial was made upon the ground that the verdict was excessive, and for specified errors which occurred during the trial, and which are also relied upon before this court. This motion was also denied. Errors are assigned upon the refusals to grant these motions, certain portions of the charge as given, and refusals to charge, upon exception taken to the admission of evidence, and argument of counsel.

We shall first consider whether from this record the court can say, as a matter of law, there was no question of defendant's liability to submit to the jury. The condition of the street at that time and place is not in dispute. Who

put these planks there, how many days previous planks had been placed there in the same manner, and how plaintiff received her injury, were in dispute. The witness Grundy, who lived and kept a store on this corner, and who helped plaintiff after her fall, testified that he saw the watchman put them there that evening before the accident; also:

"They had thrown quite a lot of earth up on the crosswalk over Sylvester, and kept the planks up. The grade being taken out made a pretty deep step in there; in the neighborhood of 20 inches anyway, maybe more."

His wife testified that she had seen the watchman "fix walks there, how many days before I cannot say; simply laid boards there for people to walk up and down."

We cannot say that there is no evidence tending to show that these planks had been placed and remained more or less continuously for several days prior to the accident. The work had been suspended about 10 days. The contract for this paving contained the usual provisions relative to putting up lights, etc. The work was to be done under the supervision and direction of the department of public works at all times. The contractor was required to have a representative upon the street day and night continuously. If the work was delayed or interrupted for any cause, defendant was authorized to put an inspector in charge of the street. The record shows that the crossing at this crosswalk over Townsend avenue was not barricaded, nor any lights upon it. The earth on the crosswalk a foot high cannot be called a barricade, or held to have been placed there for that purpose. The barricade and the lights were upon the roadway of Sylvester avenue.

This court has repeatedly held that, under the statute requiring it to keep the streets reasonably safe and fit for public travel, the city cannot relieve itself of liability by turning a street over to a contractor. The work here had been interrupted for about 10 days, and a fair inference might be drawn from the testimony that this condition as to these planks existed during a considerable portion of that time.

There was evidence to submit to the jury, on the question of notice of this condition to defendant. Plaintiff had crossed over there in the morning of the same day, which fact might be considered as bearing upon the question of the use of the crossing in its then condition by the public. Upon this branch of the case we do not think it distinguishable from *Beattie* v. *City of Detroit*, 129 Mich. 20 (88 N. W. 71), and *Barker* v. *City of Kalamazoo*, 146 Mich. 257 (109 N. W. 427). The question of contributory negligence, under the circumstances, was a question of fact for the jury, and also the question of the condition of the plank in question.

Error is assigned upon the allowance by the judge of cross-examination by plaintiff's counsel of defendant's witness Talbot, relative to an indemnity bond. This examination is defended upon the ground that it was proper to show the interest of this witness. The witness was open to attack, on account of his interest in connection with the contractor, but to show his interest in the contract, it was not necessary to examine him as to the indemnity bond. He had already testified without reserve that he had an active interest in this contract to an extent of one-third of the profits. To permit the questioning of this witness relative to this bond, over the repeated objection of counsel, was reversible error, and the conduct of plaintiff's counsel in the use made of it, on the argument, in saying, "Why does the city take this bond from the contractor if it is not to cover just such cases as this?" indicates the purpose of the improper cross-examination, and was highly prejudicial. Reference to our former opinions on this subject makes comment unnecessary. *Clink* v. *Gunn*, 90 Mich. 140 (51 N. W. 193); *Turner* v. *Foundry Co.*, 97 Mich. 166 (56 N. W. 356); *Kerr* v. *Manufacturing Co.*, 155 Mich. 191 (118 N. W. 925).

Other parts of this argument objected to are:

" Would you take all the money in the city of Detroit and have your sister go through with what this young woman has gone through with ?   *   *   *   You have any-

body crippled in the family, or where their usefulness is gone, and see how they stand the care, and wear away whatever affection there may be.  *  *  *  As my associate said, you would not take that injury for all the money that could be piled up in front of us."

In giving a few excerpts from this argument we have omitted everything which was claimed to be in answer to defendant's argument, but by doing so we do not wish to be understood that it is approved.  That this argument above quoted was inflammatory and prejudicial is apparent.  It was cause for reversal.  *Ward* v. *Reed*, 134 Mich. 392 (96 N. W. 438); *Hillman* v. *Railway*, 137 Mich. 184 (100 N. W. 399).

We do not consider it necessary to discuss other errors assigned which are confined largely to the charge of the court.  Some of them will be controlled by this opinion, and others will not be likely to occur on another trial.

The judgment is reversed, and a new trial ordered.

Moore, Brooke, Blair, and Stone, JJ., concurred.