JOLMAN *v.* ALBERTS.

1. AUTOMOBILES—NEGLIGENCE — PLEADING—DECLARATION—ALLEGA-
   TION OF DUTY.

   Plaintiff's declaration charging defendant with negligently
   colliding with a vehicle in which the plaintiff was sit-
   ting, alleging that the defendant was riding in an auto-
   mobile along the street and negligently and carelessly
   drove and guided said automobile so that it ran into the
   buggy which was standing on the west side of the street
   by the curb occupied by the plaintiff, and other persons,
   etc., was not fatally defective for failure to set forth the
   duty owed by defendant to plaintiff, and an objection to
   the pleading on the trial, for failure to allege a duty vio-
   lated by the defendant was not ground for directing a
   verdict.

2. SAME—TRIAL—MISCONDUCT OF COUNSEL—CLOSING ARGUMENT.

   It was reversible error, in closing plaintiff's argument, to
   argue to the jury that no one of the jury would be willing
   to take $5,000 for the injuries sustained by plaintiff and,
   although counsel withdrew the argument, but further
   stated that no person would for one moment consider
   going through life in that condition for any sum of
   money, the trial court should have interposed and ad-
   vised the jury that the argument was improper, and the
   failure of the court to take proper action to correct the
   harmful impression upon the jury constituted reversible
   error.

Error to Muskegon; Sullivan, J. Submitted June
2, 1914. (Docket No. 4.) Decided June 14, 1915.

Case by Sadie Jolman against Frank Alberts for
personal injuries. Judgment for plaintiff. Defend-
ant brings error. Reversed.

*Clink & Farmer*, for appellant.

*William Carpenter* (*Harry W. Jackson*, of coun-
sel), for appellee.

BIRD, J. On the evening of August 30, 1913, plaintiff's husband drove up close to the curb on the west side of Peck street, in the city of Muskegon, in front of a dwelling, to call for his wife. After plaintiff had seated herself in the rear seat of the carriage, and while waiting for her husband to enter the carriage, defendant came along from the rear with his automobile and ran into her carriage, with the result that plaintiff was thrown out and severely injured. Two things occurred to make it difficult for defendant to see plaintiff's carriage, namely, the overhanging branches of the shade trees and an automobile with bright lights coming toward him, as he approached plaintiff's carriage. Defendant was adjudged guilty of negligence in the operation of his car, and plaintiff's damages were assessed by the jury.

1. The first assignment of error relates to the insufficiency of the declaration. The point made is that the declaration was faulty for the reason that it contained no allegation of duty nor any breach of duty. The material portion of the declaration alleges that:

"For that whereas, heretofore, to wit, on the thirtieth day of August, A. D. 1912, at the city of Muskegon in said county, at about the hour of nine o'clock in the afternoon, the said defendant was riding in and driving an automobile along Peck street, a public street of said city, and when between Washington avenue and Grand avenue, he negligently and carelessly drove and guided said automobile so that it ran into a buggy standing on the west side of said street near the curb, occupied by plaintiff and other persons who were then and there in the exercise of due care and caution and free from negligence, and struck the said buggy with such force as to break and crush it, and thereby threw the plaintiff out of the same, across the box of said buggy, and upon the ground."

Counsel is quite right in his contention that the rules of pleading require an allegation in the dec-

laration of the duty defendant owed to the plaintiff on the particular occasion. *Flint, etc., R. Co.* v. *Stark,* 38 Mich. 714, 717. The rigor of this rule has been somewhat modified by this court on several occasions by holding that, where the facts are so set forth in the declaration that the duty can be implied, the count will be sustained in the absence of a demurrer. *Geveke* v. *Railroad Co.,* 57 Mich. 589 (24 N. W. 675) ; *Ella* v. *Boyce,* 112 Mich. 552 (70 N. W. 1106). The declaration in question, we think, falls within this modified rule. The facts alleged are such that the duty of defendant to operate his car carefully, and in such a manner as to avoid colliding with plaintiff's carriage, is clearly implied from the facts stated. No demurrer having been interposed, the point is not now available.

2. Serious complaint is made of plaintiff's closing argument to the jury. The objectionable portion and the manner in which it arose will be gathered from the following:

*"Mr. Cross:* I take an exception to the argument of counsel, Mr. Carpenter, that there would be no one of the jurors who would be willing to take $5,000 for the injuries of the plaintiff. That is not a legitimate argument, and our Supreme Court has so held it.

*"Mr. Carpenter:* I will withdraw that part of it. I didn't mean anything wrong. I say no person would for one moment consider going through life in that condition for any sum of money.

*"Mr. Cross:* I make the same objection to that. It is illegitimate argument.

*"The Court:* Counsel will take notice of the objection that is made.

*"Mr. Cross:* I ask the court to correct it.

*"The Court:* The court refuses to go any further.

*"Mr. Cross:* Exception."

Under the holding of this court in *Hughes* v. *City of Detroit,* 161 Mich. 283 (126 N. W. 214, 137 Am. St. Rep. 504) ; *Morrison* v. *Carpenter,* 179 Mich. 207

(146 N. W. 106), and *Wells* v. *Railroad Co.*, 184 Mich. 1 (150 N. W. 340), this argument was improper. If, when counsel for the plaintiff withdrew the remark, the court had granted an exception, and given the jury to understand that it was improper argument, a reversal in this case might have been avoided; but the attitude of the trial court in refusing to so instruct the jury quite likely left the impression upon the minds of the jurors that the argument was unobjectionable.

For this reason we feel constrained to reverse the case with an order for a retrial.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.