STONE *v.* SINCLAIR REFINING CO.

1. TRIAL—PERSONAL INJURY—PAIN AND SUFFERING—DAMAGES — ARGUMENT OF COUNSEL PREJUDICIAL.

In actions for personal injuries involving pain and suffering caused by distressing and tragic circumstances which inevitably stir impulses of sympathy in the minds of the jurors, reflections by comparison bringing the thought home to themselves are in their tendencies recognized as appeals beyond the proofs by which pecuniary damages must be measured, and liable to be reflected in the amount of the verdict.[1]

[1] Trial, 38 Cyc. p. 1498.
On excessiveness of verdicts in actions for damages for personal injuries other than death, see note in L. R. A. 1915F, 30.

2. SAME—EXCESSIVE VERDICT.

In an action against an oil company under the survival act for the death of a seven-year old girl, caused by an explosion of gasoline sold for kerosene, where the verdict was excessive, it may be inferred that the statement of plaintiff's counsel, in argument, that "Nobody would go through this pain and suffering for any sum of money," was reflected in the verdict.[2]

3. SAME—EXPLOSIVES—SURVIVAL ACT—WHETHER DECEDENT CONSCIOUS BETWEEN EXPLOSION AND DEATH QUESTION FOR JURY.

Whether plaintiff's decedent, during the four-hour period elapsing between the time of the explosion and her death, was conscious, held, under conflicting testimony, a question of fact for the jury.[3]

4. DAMAGES—EXCESSIVE VERDICT—REMITTITUR.

In an action under the survival act for the death of a seven-year old girl caused by an explosion of gasoline sold for kerosene, a verdict for $6,125 is held, excessive, on error, and judgment for plaintiff is affirmed on condition that the amount be reduced to $5,000.[4]

Error to Muskegon; Vanderwerp (John), J. Submitted October 9, 1925. (Docket No. 48.) Decided June 7, 1926.

Case by Clark Stone, administrator of the estate of Gladys Stone, deceased, against the Sinclair Refining Company for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Affirmed, conditionally.

*Cross, Foote & Sessions*, for appellant.

*Carpenter & Jackson*, for appellee.

STEERE, J. Plaintiff brought this action under the survival act as administrator of the estate of his daughter, Gladys Stone, who was a child seven years old, to recover damages for her death alleged to have been caused by an explosion of gasoline negligently

[2]Trial, 38 Cyc. p. 1498; [3]Death, 17 C J. § 181; [4]Id., 17 C. J. § 235.

placed by defendant's agent in a can not painted red nor marked "Gasoline," as the law requires, and sold as kerosene.    The story is told and the law settled for this case in *Stone* v. *Sinclair Refining Co.*, 225 Mich. 344, 229 Mich. 103, 230 Mich. 472, involving the same explosion.

After the explosion Gladys was found under the kitchen sink fatally burned, carried out by a member of the fire department and taken to a hospital, where she was given medical care.    She died about four hours after the accident.    Plaintiff recovered a verdict for $6,125, the jury awarding $2,000 damages for pain and suffering and $4,125 for loss of earnings. Following judgment on verdict for that amount, defendant made a motion for a new trial in which it was claimed that the verdict was grossly excessive as to both amounts.    The motion was denied and defendant seeks reversal on errors assigned.    Those urged in defendant's brief and argued here are prejudicial remarks of plaintiff's counsel and excessive verdict.

The statement in argument of plaintiff's counsel to which exception was taken as especially prejudicial is, "Nobody would go through this pain and suffering for any sum of money."    In this class of distressing and tragic cases which inevitably stir impulses of sympathy in the minds of jurors, reflections by comparison bringing the thought home to themselves are in their tendencies recognized as appeals beyond the proofs by which pecuniary damages must be measured, and liable to be reflected in the amount of the verdict (*McDonald* v. *Champion Iron & Steel Co.*, 140 Mich. 401; *Jolman* v. *Alberts*, 186 Mich. 643; *Daley* v. *Railroad Co.*, 197 Mich. 340).    There is room for inference that the tendency was of that import in the instant case.

It is urged for the defendant that no conscious

suffering was shown by a preponderance of the evidence. The testimony was conflicting on that question. The fireman who found the child under the kitchen sink and who carried her out said, in answer to the question of whether or not she was conscious, "I couldn't positively tell you. * * * My opinion is, I believe she was unconscious. I don't think she knew me, she was crying. I couldn't say whether she was conscious or unconscious." The two physicians who were called to the hospital and administered to her described her condition and the fatal burns covering much of her body; both said she was crying or moaning and asking for water, and Dr. Marshall expressed the opinion she was unconscious. Dr. Eckerman stated that if she had been unconscious he would not have called for or administered opiates to lessen the pain and said "all the time I was working on her or near her she was conscious. * * * It was because she asked for water I thought she was conscious." Her grandmother, Amelia Stone, who reached the hospital after the child's burns had been bandaged, testified that she was crying for water when she went up to her and said "Gladys, this is grandma," to which Gladys said "Oh," and in reply to her grandmother's question "How are you?" she said "Oh, I am all right." The nurses got the water for her and after remaining there a few minutes witness went upstairs where Gladys' mother was and stayed with her until she passed away. Then she went back to see how Gladys was and she also had died. The issue of conscious suffering was clearly a question of fact for the jury.

We are of opinion, however, that the verdict as a whole was excessive, under the trend of judicial opinion in similar survival cases involving actionable deaths of young dependent and unproductive children, where the technical distinction in cause and result

between actions under the death act and the survival act hinges on but a short intervening time between the palpable death-dealing accident and the resulting inevitable death with the question of conscious suffering at issue.

Providing plaintiff sees fit to concede by remission a reduction of the verdict to $5,000 within 15 days the judgment will stand affirmed, with costs to defendant, otherwise it will stand reversed and new trial granted, with costs to defendant.

BIRD, C. J., and SHARPE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

Justice MOORE took no part in this decision.