GREWETTE v GREAT LAKES TRANSIT

1. TRIAL—ARGUMENT OF COUNSEL—INFERENCES—MATTERS NOT IN EV-
IDENCE.

Argument of counsel should relate only to issues before the court
and evidence adduced at trial; reasonable inferences may be
drawn from that evidence, but counsel cannot express his
opinions or conclusions upon matters not found in the record.

2. TRIAL—ARGUMENT OF COUNSEL—MATTERS NOT IN EVIDENCE—IN-
STRUCTIONS TO JURY—PRESERVING QUESTION.

Reference by counsel during argument to deposition testimony
which had never been introduced into evidence at trial may
have been improper but did not result in error where the
record did not indicate either a deliberate and continuous
course of conduct or an outrageous statement which would
require reversal despite a curative instruction, and where no
objection was raised to the form or substance of the curative
instruction given (GCR 516.3).

Appeal from Macomb, Frank E. Jeannette, J.
Submitted Division 2 June 19, 1973, at Detroit.
(Docket No. 15698.) Decided August 29, 1973.
Leave to appeal denied, 391 Mich —.

Complaint by Robert J. Grewette against Great
Lakes Transit for damages resulting from negli-
gence. Judgment for plaintiff. Defendant appeals.
Affirmed.

*Small & Paull, P. C.* (by *Harry A. Meyer*), for
plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 459, 460.
Offering improper evidence, or asking improper question, as ground
for new trial or reversal. 109 ALR 1089.
[2] 53 Am Jur, Trial §§ 459, 460, 505 *et seq.*

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.,* for defendant.

Before: Quinn, P. J., and J. H. Gillis and Bashara, JJ.

Bashara, J. Plaintiff was injured April 15, 1969 while riding in a coach operated by defendant Great Lakes Transit. The defendant admitted liability before trial and the matter of damages was the only issue for jury determination. A verdict was returned for plaintiff in the sum of $17,407. Defendant's motion for a new trial was denied.

The primary basis for defendant's appeal is an allegation that prejudicial error was occasioned by plaintiff's counsel in his reference to extra-record facts during defense counsel's closing argument. The following colloquy at trial frames the issue:

*"Mr. Gemmill [for defendant]:* He made a claim on the 1967 accident. Of course, he couldn't on the '68 accident because that was his fault. Mr. Meyer [plaintiff's attorney] points out that you know the fact that he saw a doctor after the '68 accident should convince you that because he didn't have anybody to sue, then there must have been something wrong with him or he wouldn't have seen a doctor. We don't know how often he went to a doctor after that particular accident. And, as a matter of fact, we don't know the status of the claim that he was making as a result of the first accident [1967], whether or not that had even come—

*"Mr. Meyer [for plaintiff]:* Your Honor, I must interject an objection when Mr. Gemmill stands up there and tells the jury that, when he knows he asked my client both those questions specifically on the deposition. He answered them on the deposition. How he can, how he can stand up there and tell this jury that now when he took the deposition himself. He asked my client those specific questions and he, my client gave specific answers to the questions there.

"*Mr. Gemmill:* He is giving testimony that isn't even in evidence. What can I say at this point?

"*The Court:* You can answer his objection.

"*Mr. Gemmill:* It's an improper objection to talk about deposition evidence. We are talking about the trial, what's occurred here in the past two days. Mr. Meyer is referring to something that has not come before this jury. I object to his even bringing this up. It's got nothing to do with anything that occurred there [*here?*].

"*Mr. Meyer:* Your Honor, I don't think it's proper for a lawyer to deliberately tell, raise issues to the jury which he knows it's contrary. He has already heard the answer.

"*Mr. Gemmill:* I would like to address myself in the absence of the jury.

"*The Court:* The jury retire to the jury room."

The deposition testimony referred to had never been introduced into evidence and should not be the subject of closing argument. Argument of counsel should relate only to issues before the court and evidence adduced at trial. He may draw reasonable inferences from that evidence, but he cannot express his opinions or conclusions upon matters not found in the record. *Hayes v Coleman,* 338 Mich 371; 61 NW2d 634 (1953); *Gonzalez v Hoffman,* 9 Mich App 522; 157 NW2d 475 (1968); 53 Am Jur, Trial, § 480. Defendant further asserts that the statement was so prejudicial as to require reversal, relying on *Steudle v Yellow & Checker Cab & Transfer Co,* 287 Mich 1; 282 NW 879 (1938), and *Daly v Pere Marquette R Co,* 197 Mich 340; 163 NW 883 (1917). The facts in *Steudle* and *Daly, supra,* indicated either a deliberate and continuous course of conduct or an outrageous statement which would require reversal despite a curing instruction.

A review of this record reveals that defense

counsel did not object to any other action of plaintiff's counsel. We find no manifest injustice in his course of conduct, save the error complained of. The case at bar, therefore, does not fall within the ambit of the *Steudle* and *Daly* cases, *supra*.

Defendant next contends that the trial judge, in giving a curative instruction to the erroneous statement, compounded rather than cured the error.

The record indicates that the jury was excused, and, after admonishing plaintiff's counsel, the trial judge indicated he was going to give a curative instruction. He advised counsel of the nature of his instruction as follows:

*"The Court:* \* \* \* The court is going to instruct the jury the purpose of argument and that they are to decide this case, not on argument of counsel but on the testimony that they hear from the witness stand. And if either counsel misstates any of the testimony, that they are to rely upon what they heard and not what counsel has stated."

No objection was raised to the form or substance of the curative instruction. The jury was recalled and the trial judge gave the instruction in substantially the same manner as he did out of the presence of the jury. No further objection was raised by either party after the instruction was given.

There does not appear to be any manifest injustice in the trial court's curative instruction. The failure to timely object to it will preclude further review. *Sladek v Wilhelm,* 41 Mich App 296; 199 NW2d 869 (1972); *Crenshaw v Goza,* 43 Mich 437; 204 NW2d 302 (1972), GCR 1963, 516.3.

We conclude, then, that the action of plaintiff's counsel in stating extrajudicial facts so as to cast

doubt on the credibility of defense counsel's argument may have been improper. We are convinced that although plaintiff's counsel came dangerously close to jeopardizing this trial, his remarks could have been cured by instruction. The objection to what one considers an erroneous instruction must occur in a timely fashon. The trial court here clearly performed the proper function to which it is assigned during trial.

Defendant's final claim of a prejudicial verdict is not supported by the record. The only real evidence of possible prejudice is that which transpired during the closing argument. We need delve no further into that allegation for the reasons previously stated.

Affirmed, costs to plaintiff.

All concurred.